LUCIEN EATON, Administrator *de bonis non* of Mary Ann Dubois, Respondent, *v.* THOMAS WALSH and JOHN G. PRIEST, Appellants.

1. *Administration—Debts from administrator to testator, when assets.—* Where a banking house issued a certificate of deposit to one who afterward died, and a member of the banking house became administrator, the debt evidenced by the certificate will be considered assets in his hands, within the meaning of the twenty-eighth section of the second article of the act concerning administrators, even though the certificate never came into his possession. (R. C. 1855, p. 133; Gen. Stat. 1865, p. 492, § 81.) And it is immaterial that the debt was a partnership one, as, under the laws of this State, each member is liable individually for the obligations of the firm.

2. *Probate Court — Appeals — Bonds — Judgments against securities.*— The provision of the statute in regard to appeals from justices of the peace, giving the court power to render judgment against the securities in the appeal bond (Gen. Stat. 1865, chap. 185, § 23), extends no further than appeals from justices' courts, and does not apply to appeals from the Probate Court.

### *Appeal from St. Louis Circuit Court.*

*Garesche & Mead,* for appellants.

I. The defendant, Anderson, not being served with notice of the proceeding herein, the court below had no power to make any order against him, or enforce such order or judgment against his securities on the administration bond of said Anderson, and the judgment is therefore void. (Smith v. Ross, 7 Mo. 463; Anderson v. Brown, 9 Mo. 646; Roach v. Burnes, 33 Mo. 319.)

II. A judgment is an entirety, and if void as to one defendant is void as to all. (Covenant Mutual Ins. Co. v. Clover, 36 Mo. 392; Dickinson v. Chrisman, 28 Mo. 135.)

III. The judgment is erroneous, because the statute (Gen. Stat. 1865, p. 487, § 67) authorizes executions against the securities only for money in the administrator's hands. There is no evidence that Anderson had any money; he stated in his inventory he had a certificate of deposit; and for such assets the section mentioned provides that an attachment shall issue against the person of the administrator.

IV. The court below had no power under the laws to enter judgment against Taylor and Sanguinette, securities for Priest and Walsh on the appeal bond from the Probate to Circuit Court. The law regulating appeals from justices' courts authorizes such a judgment, but there is no such provision in the act regulating appeals from the Probate to the Circuit Court.

*Jewitt,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding commenced in the St. Louis Probate Court, under section 66 of the first article concerning administrators. (R. C. 1855, p. 126.)

It appears that John J. Anderson obtained letters of administration on the estate of Mary Ann Dubois, deceased, and that the appellants were the securities on his official bond. Anderson made his first annual settlement with the court, wherein it was found that assets came to his hands belonging to the estate amounting to nineteen hundred and twenty - eight dollars and seventy cents, and that he had paid out two dollars and five cents, leaving a balance against him, in favor of the said estate, of nineteen hundred and twenty-six dollars and sixty - five cents. After the filing and acceptance of the settlement, Anderson removed to New York, and his letters were revoked on the ground that he was a non-resident; and this proceeding was instituted by the administrator *de bonis non* to recover the money and property in his hands.

Anderson was not served with notice, but appellants were, and the Probate Court rendered judgment against them for the amount of money in the hands of Anderson belonging to the estate, and ordered Anderson to deliver over to his successor a certain note in his possession against Page & Bacon.

That part of the judgment requiring Anderson to deliver over the note was not warranted, as he was not served with notice, and was not within the jurisdiction of the court. But the point is not material, as the judgment of the Probate Court is not the one we are now called upon to review. An appeal was taken to the Circuit Court, and the cause submitted without the intervention of a jury, and the court in its judgment found as facts that at the time of the revocation of the letters of John J. Anderson, as administrator of the estate of Mary Ann Dubois, there was in his hands the sum of fourteen hundred and ninety dollars in cash; and it was therefore ordered and adjudged that he pay over forthwith that amount, with interest, from the date on which the letters were revoked; and in default of his so doing, execution was ordered to issue against the appellants, his sureties. The judgment, although somewhat informal, is essentially a judgment against the appellants; and as no question of law was raised on the trial—no instructions asked for or given — every presumption will be indulged in its support.

The counsel for the appellants contend, and it is the main point in the case, that the statute authorizes execution against the securities only for money in the administrator's hands, and that there is no evidence that Anderson had any money.

This depends entirely upon his liability for a certificate of deposit left by Mrs. Dubois at her death. The certificate was given by the banking house of John J. Anderson & Co., of which Anderson, the administrator, composed one of the members, and when he administered he inventoried it as among the assets of the estate. It is true, it does not appear that the certificate was ever in his possession, but his house nevertheless owed the debt. By the twenty-eighth section of the second article of the administration act (R. C. 1855, p. 133) it is provided that all debts due by an administrator to his testator or intestate shall be considered as assets in his hands.

It is immaterial that it was a partnership debt, as, under the laws of this State, each member is liable individually for the obligations of the firm. Anderson owed the debt, and, when he administered, by virtue of the statute it was assets in his hands.

But the counsel for the defendants have brought to our notice an error in entering up judgment in the Circuit Court. When the appeal was taken from the Probate Court, the defendants, Priest and Walsh, gave an appeal bond, with Sanguinette and Taylor as securities; the court gave judgment against the securities in the bond as well as the defendants. We have not found any statutory provision authorizing this proceeding, unless the plaintiff has taken steps to move or proceed against the securities. There is a provision of law in the statute in regard to justices of the peace, giving the court power to render a judgment against the securities in the appeal bond, but this extends no further than appeals from justices' courts, and can have no application to the present case.

Judgment was therefore erroneously rendered against the securities; but as substantial justice was done, so far as the principals in the bond were concerned, the judgment will be modified in this court and entered up against them only. The other judges concur.