PHELPS v. MCNEELY, *Appellant.*

**Distribution of Partnership Assets.**  A partner sold his interest in the firm to his co-partner, who agreed to pay the firm debts. The firm was at the time insolvent.  After the sale the continuing partner gave a deed of trust on all the assets of the late firm to secure the payment of an individual indebtedness of his own, which accrued prior to the dissolution.  In a contest between a creditor of the firm and the individual creditor, *Held,* that the right of the former to be paid out of the firm assets in preference to the latter was not impaired by the dissolution, and as against him the deed of trust was a nullity.

*Appeal from Andrew Circuit Court.*—HON. HENRY S. KELLEY, Judge.

*J. D. Strong* for appellant, cited *Caldwell v. Scott,* 54 N. H. 414; *Tenney v. Johnson,* 43 N. H. 144; *Rogers v. Batchelor,* 12 Pet. 230; *Sauntry v. Dunlap,* 12 Wis. 364; *Conroy v. Woods,* 13 Cal. 631; Story, on Partnership, 97; *Taft v. Buffum,* 14 Pick. 322; *Clark v. Houghton,* 12 Gray 38; *Pierce v. Wilson,* 2 Iowa 20.

*S. E. Carter* for respondent.

NORTON, J.—The appellant in this case brought his suit by attachment against the firm of Clark & Bowers, in the Buchanan court of common pleas. The attachment was levied upon certain goods and chattels, as the property of the firm. The respondent, Phelps, appeared and filed an interplea in which he claimed a portion of the property thus levied upon, under a deed of trust executed by Clark, to secure the payment of a debt which Clark owed one Cooper. The answer to this denied the right of Phelps to the property, or that Clark owed Cooper, or had ever executed a note, and alleged that the deed of trust was without consideration, was fraudulent, and was made to hinder and delay the creditors of Clark & Bowers. The venue of the cause was changed to the Andrew circuit court, where, upon a trial, judgment was rendered in favor of plaintiff, Phelps, from which the defendant has appealed to this court, motions for new trial and in arrest of having been overruled. The defendant seeks a reversal of the judgment because of the alleged errors of the court in receiving and rejecting evidence, and in giving and refusing instructions. The objection made to the reception in evidence of the deed of trust, and the return of the sheriff showing what property had been seized by him by virtue of the attachment writ, are too frivolous and technical to require further notice, than to say that they were properly

overruled. Defendant offered to prove the contents and appearance of a memorandum book which had been produced by Cooper on a former trial. This was objected to on the ground that the book itself was the best evidence, and until its absence or loss, if lost, was accounted for, the evidence offered was but secondary. The court ruled properly in excluding this evidence, defendant not having laid the proper foundation for its introduction. Besides this, witnesses Grubb and Strong were allowed to state what Cooper had testified to in regard to it at a former trial of the cause, Cooper having been previously asked what he had sworn to concerning it on said trial.

The evidence in the case shows that prior to the 14th of March, 1871, Clark and Bowers were partners in conducting a saloon in St. Joseph, and that they were indebted on partnership account to defendant McNeely in the sum of $387.10. On that day Bowers sold to Clark his interest in the partnership business and property on the following terms, viz : Clark was to pay Bowers the sum of $125, and pay all the partnership debts, the principal one of which was the debt due to McNeely. The evidence strongly tends to show that it was understood at the time, and previous to the consummation of the bargain between Clark and Bowers, that Clark was to execute a mortgage on the property to secure McNeely's debt, and that McNeely was, in that event, to release Bowers and look to Clark for his debt; that Clark on the same day, and prior to the consummation of the agreement between Clark and Bowers, had told McNeely that Bowers would not sell to him unless he, McNeely, would release Bowers, and promised to execute to McNeely a mortgage if he would release Bowers, and that McNeely agreed to do this when the mortgage should be executed; that on the 14th of March, 1871, Bowers executed and delivered a writing to Clark which recited the dissolution, and the fact that he had sold his interest to Clark for the consideration of $125, and the further consideration that he should pay the part-

nership debts.   The evidence also tends to show that at
the time this agreement was made, Clark was indebt-
ed to Cooper in the sum of about six hundred dollars as
his own individual private debt; that a portion of this
debt was for money loaned by Clark to enable him to buy
Bowers' interest in the firm, and $83 of it was applied to
the payment of rent then due by the firm, and for which
McNeely was bound as security.   Clark swears that he
told McNeely he had borrowed this money of Cooper, and
McNeely testifies to the contrary, and that Clark told him
he had borrowed the money of one Gill.   The evidence
shows that Clark & Bowers were at that time, and still are,
insolvent, and that Clark did not execute a mortgage to
McNeely; that on the 16th of March, 1871, two days after
the dissolution, Clark executed to Phelps, the plaintiff, a
deed of trust on the partnership property for the purpose
of securing Clark's individual debt of $600 to Cooper;
that Cooper had, about one week prior to the dissolution,
applied to Clark and requested him to execute a mortgage
to secure his debt.

The chief error complained of, and brought to our at-
tention, was the refusal of the court to give the following
instruction:   "If the jury believe from the evidence, that
on or about the 14th day of March, 1871, defendants Clark
& Bowers, (in the attachment suit,) were co-partners in
business, and as such co-partners were the owners of the
property in controversy herein, and that at the time they
were insolvent, and had no other property or assets with
which to pay their firm debts; that said Clark & Bowers
were at the time as such partners, indebted to said J. D.
McNeely in about the sum of $387.10, and that with a
a knowledge of these facts, Clark purchased of Bowers
his interest in the partnership effects for the purpose of
enabling the said Clark to transfer said partnership prop-
erty to interpleader, Phelps, to secure the payment of an
individual debt due from Clark to Cooper, and that in pur-
suance of such purpose on the part of Clark, the deed of

trust read in evidence was executed to secure the debt due from Clark to Cooper, then such transfer from Clark to Phelps was fraudulent and void as to said McNeely, and the jury will find for defendant in the interplea." It was held in the case of *Flanagan v Alexander*, 50 Mo. 50, that one partner has no authority or power whatever, without the consent of his co-partners, to appropriate the assets of the partnership to the payment of his individual indebtedness. While a partner can dispose of the property by a *bona fide* sale, he cannot appropriate it without the consent of his co-partners, to the payment of his individual debts, either with or without knowledge of the creditor that such property was partnership property. *Ackley v. Staehlin,* 56 Mo. 561. In the distribution of partnership assets, partnership creditors have a preference over individual creditors, and individual creditors have a corresponding preference in reference to individual property. It is, however, argued that, inasmuch as Bowers had sold out to Clark with the condition that Clark was to pay the partnership liabilities, the partnership property thus received by him was released from the operation of this rule. It must be conceded that, if Clark, prior to his purchase of Bowers, had executed the deed of trust in question on the partnership property to secure the payment of his own debt to Cooper, without the consent of Bowers, he would have taken no interest therein by virtue thereof, except what might have remained over to Clark after the payment of all the firm liabilities as his share. The mere fact that the partnership was dissolved, and that Bowers retired from the firm after selling his interest to Clark on the condition that he was to pay partnership debts, would not authorize Clark to apply the property thus acquired to the payment of his individual antecedently contracted debt to the exclusion of the firm creditors ; and their right to be first paid out of the assets to the exclusion of individual creditors, would not be impaired any more by an application of the firm assets after its dissolu-

tion under the above circumstances, by one partner
to the payment of his own debt, than if such applica-
tion had been made before the dissolution. The question
here raised is thoroughly discussed in 43 N. H. 144, *Ten-
ney v. Johnson*, in which the court, after stating that it was
settled that the effects of the firm in the hands of a sur-
viving partner remained subject to the prior claim of part-
nership creditors as against creditors of the surviving
partner, speaking through Justice Bellows, say : " The
question then arises, if one of the partners voluntarily re-
tires from the firm, releases all his interest, and receives
from the remaining partner an obligation to pay all its
debts, does the right of priority still continue in the part-
nership in respect to such assets, or in other words, is there
no substantial difference between such a case and that of
surviving partners ? In both cases the legal title to the
assets is vested in the remaining partner, in one by opera-
tion of law, and in the other by the act of the parties, and
in either case the remaining partner has the full power of
sale for proper purposes. So in both cases he is bound to
pay all the company debts, and so far as the creditors are
concerned by the same obligation, namely, by his partner-
ship promise. If it be held that this right of priority may
be defeated by a sale from one partner to another, it is
easy to see that it would be a most convenient mode of
evading a principle that is held to be salutary." Each
partner has the right to have the partnership property ap-
plied to the due discharge and payment of all firm debts
and liabilities, before anyone one of the partners or his indi-
vidual creditors can claim any right or title to them.
Hence, it follows that no separate creditor of any partner
can acquire any right, title or interest in the partnership
stock, funds or effects by process or otherwise, merely in
his character as such creditor, except for so much as be-
longs to that partner as his share or balance after all prior
claims thereon are deducted and satisfied. Story on Part.,
156, Sec. 97. The contention in this case is between a

creditor of the firm of Clark & Bowers, and the individual creditor of Clark, one of its members, who is seeking to have the partnership property applied to the payment of his debt. Unless the consent of McNeely, the firm creditor, to this application can be shown, this cannot be done. We think the instruction asked should have been given, and because it was refused, the judgment will be reversed and cause remanded, in which the other judges concur.

REVERSED.