SHACKELFORD'S ADMINISTRATOR, *Appellant*, v. CLARK.

Priorities between Partnership and Individual Creditors. A creditor of one partner only, as to the separate property of such partner, has no priority over a partnership creditor, where there are no firm assets and the other partners are insolvent.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

*Henry Smith* and *James T. Farris* for appellant.

*Simrall & Sandusky* for respondents.

MARTIN, C.—This was a suit for the foreclosure of a deed of trust, and was commenced in the DeKalb circuit court at the October term, 1878, and was thence taken by change of venue to the circuit court of Clay county. The deed was executed by Samuel P. Clark to Hugh J. Robertson, trustee, on the 7th day of September, 1871, for the purpose of securing the payment of four notes, one in the sum of $980 executed by said Samuel P. Clark to Ryland Shackelford, the other three executed by Gilmer, Clark & Co., one in favor of John Lynn in the sum of $1,000 ; one

in favor of John Howdeshell in the sum of $1,000, and one in favor of the Missouri City Savings Bank in the sum of $4,000. The deed of trust provides that if said notes should not be paid when due, the trustee should sell "and receive the proceeds of sale, out of which he shall pay first the costs and expenses of this trust, and next the notes and interest on the same, and the remainder, if any, shall be paid to Samuel P. Clark, or his legal representatives."

These notes were all past due when the deed was executed. The land described in it was the individual property of Samuel P. Clark, the grantor in the deed. The note in favor of Ryland Shackelford was the individual debt of said Samuel P. Clark, and was given for money borrowed for his private use; the remaining three notes were the firm debts of the co-partnership of Gilmer, Clark & Co., a firm composed of John A. Gilmer, Samuel P. Clark and William Gilmer, all of whom are still living, and were given for money which went into the business of the firm. At the date of the execution of the deed of trust, as well as at the commencement of the suit, said firm was insolvent, and was possessed of no firm assets; each member of the firm was also insolvent. These facts all appear in the record, and in an agreed statement of facts. On trial of the case the court rendered a judgment or decree foreclosing the deed of trust, and directing the proceeds of the security to be applied on all the notes pro rata, after payment of costs. From this decree the case comes before us on appeal.

There is but a single question presented to us for decision, and that is the refusal of the court to adjudge a priority in favor of the Shackelford note, and its consequent action in adjudging that the proceeds of the sale be applied equally upon all the notes described in the deed in the ratio of their respective amounts. No principle in the law of partnership is better settled than that the creditors of a partnership have priority over the creditors of an individual member thereof in respect to the funds of the partnership.

*Phelps v. McNeely,* 66 Mo. 554; *Hilliker v. Francisco,* 65 Mo. 598. This principle rests upon the most persuasive and satisfactory reasons. Each partner has the right to appropriate or compel the appropriation of all the partnership assets to the payment of partnership debts. This right is conceded to him because he is personally bound for the payment of all such debts. He has the right to devote his partner's share of the firm assets as well as his own share, to the payment of the firm debts. Being bound for his partner's share of the firm obligations, as to such partner's share of the firm assets he occupies the relation of a surety, with the attending right to devote such share of the assets to the satisfaction of the share of debt which his partner ought to pay in order to relieve him from liability therefor, and to emancipate his interest in the assets from the risks of the adventure. This right of each partner has come to be treated in the courts as an equitable lien, possessed by him, upon the assets of the firm for the purpose of discharging its common liabilities. Thus possessed and exercised as it must be for the benefit of the creditors as well as the benefit of the partners, it is very properly regarded as an equitable lien existing in their favor. It certainly cannot be administered without inuring to their benefit and advantage, although it is worked out through the equity of the respective partners. The priority which results to partnership creditors rests upon this lien, and is so protected in law and equity that when the creditor of an individual partner obtains judgment and levies upon the assets of the partnership, the purchaser at a sale under the levy, in those states in which such levy is permitted, acquires only the interest of the judgment partner in the assets levied upon, subject to the payment of the partnership debts. *Wiles v. Maddox,* 26 Mo. 77.

From this priority of the partnership creditors upon the partnership funds, it does not follow as a logical deduction, that the individual creditors have priority upon the separate or individual funds, for the reason that no lien,

legal or equitable, exists in their favor against such funds —certainly not in the lifetime of the debtor or before his commercial death by bankruptcy. A separate creditor has nothing analogous to a lien, legal or equitable, on the property of his debtor during life; nor can anything of this kind be worked out for him, unless it has been given to him by some contract of the debtor, or has been acquired under some process or proceeding in the courts. I am aware that the priority contended for by appellant has been recognized and approved by high authority; but it has been generally applied, after death or bankruptcy, in the marshalling of assets. In England, where it has been approved at different times, no uniformity has been observed in its preservation or enforcement. In our own State it has never received any judicial sanction; and there would seem to be really no foundation for it under our statute, which declares the obligations of partners to be several as well as joint, so that the right of the partnership creditor to resort at once to the separate estate of the partner for satisfaction of a partnership demand is precisely the same which attends the enforcement of any other several demand. R. S. 1879, § 661; *Eaton v. Walsh*, 42 Mo. 272. It has long been settled in this State that if the demand of the creditor consists of a personal obligation, he is at liberty to enforce it against the general property of the debtor, notwithstanding he may be possessed of security specially pledged and bound for its payment. *Thornton v. Pigg*, 24 Mo. 249; *Kansas City Sav. Ass'n v. Mastin*, 61 Mo. 435. Demands against partners being several as well as joint, and the holders thereof being entitled to resort at once to the individual estate by suit against one partner alone, it is impossible to maintain that partnership demands are not contracted on the faith of the separate estate of the partners.

A familiar principle prevails in equity to the effect that where a creditor may resort to two funds for the payment of his debt, while another creditor can resort to only one of the funds the creditor having access to the two funds

may be compelled to exhaust the fund not accessible to the creditor to whom only one fund is open before he resorts to the other fund. After such exhaustion he is then permitted to resort to the other fund equally with the other creditor. This principle does not depend upon any priority of lien or right recognized in law or equity, but exists in the absence of it. The debts may consist of several promises only, and be equally good against the fund subject to both, but the accident of one of the debts being good also against another fund, raises the equity of confining that debt in the first instance to that fund. I will not pretend to say under what circumstances this equity could be applied as between partnership and individual creditors, for the reason that no such case is presented in this record, there being only one and not two funds, out of which payment is to be made.

Having reached the conclusion that there is no priority in favor of the plaintiff's note, it is unnecessary to consider whether the language of the deed of trust relating to the application of the proceeds thereof would be sufficient to displace or control such priority. *Wilcox v. Todd*, 64 Mo. 388.

As the record is without error, the judgment should be affirmed, and it is so ordered. All concur.