Hundley v. Farris.

Hundley, *Appellant*, v. Farris, *Administrator*.

DIVISION ONE.

1. **Partnership:** DISTRIBUTION OF ASSETS : PRIORITY OF PARTNERSHIP CREDITORS. Partnership creditors have a primary and exclusive claim upon the partnership assets of bankrupt or insolvent partners when the same are administered and distributed.

2. —— : CREDITORS OF INDIVIDUAL PARTNER : PRIORITY. Individual creditors have the exclusive right to have their debts first satisfied out of the property of individual partners.

3. —— : PRIORITY OF PARTNERSHIP CREDITOR. The priority of a partnership creditor to be satisfied out of the partnership property is not lost by reason of the dissolution of the partnership or the death of a member of the firm.

4. —— : ——. Statutes with reference to the classification of demands against the estates of deceased members of partnersnips and the distribution of their estates do not affect the priority of the partnership creditor to be first paid out of the assets of the partnership estate.

5. —— : —— : STATUTE. The statute requiring all joint contracts to be construed as joint and several, and authorizing suit against one or more of those liable, confers no additional rights on partnership or individual creditors, and does not vary the equitable priorities of partnership creditors.

6. —— : LIEN OF PARTNERSHIP CREDITOR : EXCEPTION. It is only when the dissolution of the partnership occurs by reason of the death of a partner or the bankruptcy of the firm that the lien of the partnership creditors attaches. But there is an exception .to this rule where there is no joint fund and no solvent partner.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*James W. Boyd* and *A. D. Kirk* for appellant.

(1) The appellant is entitled to an unconditional judgment against the estate of Madison S. Farris. R. S. 1879, secs. 184, 185 and 212 ; *McLean v. McAllister*, 30 Mo. App. 107. (2) Because appellant is not only a partnership creditor of the firm of M. S. Farris & Co. but is also an individual and separate creditor of Madison S. Farris, and is entitled to share *pari passu* with the other individual creditors of the estate. R. S. 1879, secs. 658, 3467 ; *McLean v. McAllister*, 30 Mo. App. 107 ; *Shackelford's Adm'r v. Clark*, 78 Mo. 491. (3) Under the statutes of this state ( secs. 658, 3467 )

each member of a firm is liable individually and sepa-
rately to a creditor of the firm.   Therefore, every credi-
tor of a firm is an individual and separate creditor of
each member of the firm.   30 Mo. App. 107 ; *Gates v.
Watson*, 54 Mo. 585 ; *Bank v. Cottey*, 70 Mo. 150 ;
*Bryant v. Hawkins*, 47 Mo. 410 ; R. S., secs. 658-9.
And if he is an individual creditor of the estate he is
entitled, even at common law, to come in equally with
the other individual creditors, although he may also be
a firm creditor.

B. R. *Vineyard* for respondent.

The estate of a partnership must be settled, in case
of dissolution by death, entirely on equitable principles,
and they would require that the claims of the several
creditors and those of the joint creditors should be kept
entirely distinct, each having its separate fund, and
passing over to the other only in case of a surplus.
Upon such dissolution, the assets are placed in the cus-
tody of the law for distribution.   Parsons on Partner-
ship [ 2 Ed.] side p. 447-8 ; 2 Bates on Partnership
[ Ed. 1888 ] secs. 825, 828 ; 2 Lindley on Partnership
[ Ewell's Ed.] pp. 1054-5 ; Story on Partnership [ 4 Ed.]
sec. 363; Collyer on Partnership [ Perkins' Ed.] sec.
920 ; 3 Kent's Commentaries [ 12 Ed.] side p. 65 ; *Level
v. Farris*, 24 Mo. App. 445 ; *Bank v. Bank*, 94 Ill.
278 ; *Rainey v. Nance*, 54 Ill. 35 ; *Black's Appeal*, 44
Pa. St. ( 8 Wright ) 503 ; *Wilder v. Keeler*, 3 Paige
Ch. 171-4 ; *Murrill v. Neill*, 8 How. 426 ; *Bond v.
Nave*, 62 Ind. 505 ; *Weyer v. Thornburgh*, 15 Ind. 124 ;
*Gray v. Chiswell*, 9 Vesey, 118 ; *Jarvis v. Brooks*, 23
N. H. 136 ; *Crockett v. Crain*, 33 N. H. 542 ; *Holton v.
Holton*, 40 N. H. 77 ; *Moody v. Downs*, 63 N. H. 50 ;
*Bagwell v. Bagwell*, 72 Ga. 92 ; *Irby v. Graham*, 46
Miss. 425 ; *McCulloh v. Dashiell*, 1 Harr. and Gill ( Md.)
96 ; 3 Redfield on Wills [ 2 Ed.] p. 257, sec. 9 ; *Phelps
v. McNeelcy*, 66 Mo. 558 ; *Cowan v. Gill*, 11 Lea ( Tenn.)

674; *Davis v. Howell*, 33 N. J. Eq. 72; *Toombs v. Hill*, 28 Ga. 371; *Smith v. Mallory*, 24 Ala. 628; *Rogers v. Meranda*, 7 Ohio St. 179. (2) Independent of statute, equity has always construed all partnership contracts to be joint and several. 3 Kent's Commentaries [12 Ed.] side p. 64; *Wilder v. Keeler*, 3 Paige, 167; *Irby v. Graham*, 46 Miss. 428; *McCulloh v. Dashiell*, 1 H. & G. (Md.) 96; Story on Partnership, sec. 362; *Level v. Farris*, 24 Mo. App. 459-60-1. Yet in the distribution of the estate of a deceased partner equity has always held that the individual creditors of that estate had a prior claim upon its assets, and must be paid in full before the partnership creditors could share therein. See authorities cited in division 1 of this brief. (3) The statute of this state (sec. 658) requiring all joint contracts to be construed as joint and several, and making provision (sec. 3467) for a suit against anyone liable, or his administrator, without the necessity of uniting with him as defendants the other joint contractors, was intended only to affect the mode of procedure, "and does not affect the law of contracts as it existed prior to its enactment." *Clark v. Cable*, 21 Mo. 225; *Ryan v. Riddle*, 78 Mo. 522; *Level v. Farris*, 24 Mo. App. 460. (4) "Statutes making partnership debts joint and several were not intended to affect the distribution of funds, and do not give the joint creditors a right to participate *pari passu* with the separate creditors after exhausting the joint estate." 2 Bates on Partnership, 1888, sec. 828; *Level v. Farris*, 24 Mo. App. 445; *Irby v. Graham*, 46 Miss. 425; *Smith v. Mallory*, 24 Ala. 628. (5) The statutes of this state, providing for the classification of demands against the estate of deceased persons (sec. 184) and for the payment thereof (sec. 212) were not intended to disturb the prior rights of creditors already existing. "The equality required by them is subordinate to the settled equities and priorities of different grades and classes of creditors."

*Rogers v. Meranda,* 7 Ohio St. 192, at top; *Irby v. Graham,* 46 Miss. 431-2; *Level v. Farris,* 24 Mo. App. 461-2; *Smith v. Mallory,* 24 Ala. 628; *Black's Appeal,* 44 Pa. St. 508, approving the separate opinion of Mr. Justice GIBSON in *Bell v. Newman,* 5 S. & R. 91, and disapproving the conclusions of the rest of the court in that case.

SHERWOOD, P. J.—This cause originated in the probate court of Buchanan county, from whose judgment plaintiff appealed to the circuit court where the cause was tried on the following agreed statement of facts:

"That during the whole of the year 1882, and thereafter, up to the time of the death of Madison S. Farris, the said Madison S. Farris and Michael Farris were partners, doing business in the city of St. Joseph and Platte county, Missouri, under the firm-name of M. S. Farris & Co.; that during the time they were so in partnership, to-wit, on the first day of February, 1884, said firm borrowed from plaintiff, for use in their business as such partners, the sum of $10,000 and gave their note in their firm-name therefor, payable to plaintiff one day after date, which note is on file with the transcript from the probate court of Buchanan county, sent up in this case; that on said note there was paid September 4, 1884, $3,075.83, and on July 1, 1885, $1,234.70, which said payments were made by Michael Farris, as administrator of the estate of M. S. Farris & Co., and as dividends on claims allowed by the probate court.

"Said Michael Farris, as surviving partner of said firm, was appointed and qualified as administrator of said partnership estate within one year before January 30, 1884, and the balance due on said note, no payments having been then made, was duly presented and allowed by the probate court of Buchanan county, Missouri, against said partnership estate; that John Farris was duly appointed and qualified as administrator of the individual estate of Madison S. Farris by said probate

court, and, within one year after the granting of letters of administration on said individual estate, this said note was presented for allowance against said individual estate, subject to the dividend so paid; that said John Farris has already paid of individual claims allowed against said individual estate, within said first year of his administration, other than the one in controversy, nearly all the money realized from the assets of said estate, and there is not sufficient of said assets to pay in addition on the claim in contest a per cent. thereof equal to the per cent. already paid on said other individual claims so allowed; that the individual estate is not sufficient to pay more than fifty cents on the dollar of the individual claims allowed within the first year against said individual estate, exclusive of the note or claim in contest in this suit; that the partnership assets have been about exhausted and will not pay more than fifty per cent. on partnership demands.

"The partnership estate of said M. S. Farris & Co. is not sufficient to pay more than fifty per cent. of the claims allowed against said partnership estate; that this claimant has received his full *pro rata* of the assets of said partnership estate, the assets of said partnership estate being fully exhausted; that said Madison S. Farris died on the —— day of —— 1884."

This was all the evidence introduced or offered in the case on either side. The note mentioned in the agreed statements of facts was not read in evidence, nor is a copy of it preserved in the bill of exceptions. There were no instructions or declarations of law asked or given. The court, on the agreed statement of facts, allowed plaintiff's claim against the individual estate of Madison S. Farris, deceased, but, finding it to be a partnership debt of M. S. Farris & Co., allowed it subject to the payment in full first of the individual debts theretofore allowed and proved in the probate court against the individual estate of said deceased, and rendered its judgment accordingly. The case was tried at the

January term, 1886, of the circuit court, and at that term motions for a new trial and in arrest were filed by the plaintiff, overruled by the court, and the case appealed to this court.

Touching the principle involved in this litigation, Chancellor Kent remarks : ''The joint creditors have the primary claim upon the joint fund, in the distribution of the assets of the bankrupt or insolvent partners, and the partnership debts are to be settled before any division of the funds takes place. So far as the partnership property has been acquired by means of partnership debts, those debts have, in equity, a priority of claim to be discharged ; and the separate creditors are only entitled in equity to seek payment from the surplus of the joint fund after satisfaction of the joint debts.

'' The equity of the rule, on the other hand, equally requires that the joint creditors should only look to the surplus of the separate estates of the partners, after payment of the separate debts. It was a principle of the Roman law, and it has been acknowledged in the equity jurisprudence of Spain, England and the United States, that partnership debts must be paid out of the partnership estate, and private and separate debts out of the private and separate estate of the individual partner. If the partnership creditors cannot obtain payment out of the partnership estate, they cannot in equity resort to the private and separate estate, until private and separate creditors are satisfied ; nor have the creditors of the individual partners any claim upon the partnership property, until all the partnership creditors are satisfied. The basis of the general rule is, that the funds are to be liable on which the credit was given.'' 3 Kent, Com. pp. 64, 65.

Judge Story announces the same rule. Story Part, Bennett's Ed.] secs. 363, 365, 366, 377, 382.

It is well-settled law as shown by the text-writers already mentioned, and others cited by counsel for the

defendant that partnership creditors have a primary and exclusive claim upon the partnership assets of bankrupt or insolvent partners, when the same are administered and distributed. From this admitted right sprang the corresponding exclusive right of individual creditors to the satisfaction of their debts out of the separate property of the individual partners, and, until such satisfaction of such primary claim in either case, neither class of creditors is entitled to any share of the fund thus primarily devoted to the satisfaction of its own special indebtedness ; the rule being, and the plain equity being, that each estate must pay its own creditors.

The great current of authority follows in this direction, and is recognized by the supreme court of the United States ( *Murrill v. Neill*, 8 How. 414 ), and in a large majority of our sister states, as well as by the text-writers. They are collated in the brief of defendant's counsel.

A different rule was announced in England during Lord THURLOW's time ; but afterwards the ancient rule was restored, as declared by his successor Lord LOUGHBOROUGH, in *Ex parte Elton*, 3 Ves. 238. This is the generally prevalent rule in this country as already stated. This rule is distinctly and with emphasis recognized and asserted by this court in *Phelps v. McNeely*, 66 Mo. 554, where the contest was between a creditor of the firm and an individual creditor as to which one was entitled to primary satisfaction of his indebtedness out of the partnership fund, and it was held that the partnership creditor was thus entitled ; that his preference was not impaired by the dissolution of the partnership, nor by the fact that a deed of trust on the firm assets had been given by the purchasing partners to secure his indebtedness to his individual creditor ; and that as against the rights of the firm creditor such deed was a nullity.

This ruling, though standing alone, would be decisive of this cause; for the priority of a firm creditor to be satisfied out of the firm property would not be lost by reason of the dissolution of the partnership, or perish by reason of the death of one member of the firm. Our statutes looking to the classification of demands against the estate of a deceased member of a partnership and the distribution of his estate have no effect whatever on such priority. They were not intended to have any such effect. The well-settled equities in such cases are not to be thwarted or overthrown by *mere methods of procedure, such* as those statutes authorize. This point has frequently been thus ruled in states possessed of statutes similar to our own. *Rodgers v. Meranda*, 7 Ohio St., *loc. cit.* 192 ; *Irby v. Graham*, 46 Miss. 425 ; *Smith v. Mallory*, 24 Ala. 628.

A different rule was at first announced in Pennsylvania by a divided court in *Bell v. Newman*, 5 S. & R. 91, but the views of Judge Gibson as expressed in that case finally prevailed. *Black's Appeal*, 44 Pa. St. 508. See also *Level v. Farris*, 24 Mo. App. 461, where the subject is exhaustively discussed by Philips, J., and the authorities ably reviewed. Nor is the position here taken in any manner affected by our statute requiring all joint contracts to be construed as joint and several and making provision for suit against any one or more of those liable. This was the equity rule upon the occurrence of the death of a partner long before the enactment of the statute. 3 Kent. Com. 64.

Statutes of that nature confer no additional rights on the creditors of a partnership nor upon individual creditors. Nor do they affect or vary the equitable priorities of the partnership creditors. 2 Bates on Part. 828, and cas. cit. Indeed, they contain not the slightest tendency or intimation that way.

The case of *Shackelford's Adm'r v. Clark*, 78 Mo. 491, is not opposed to the views here announced when

rightly understood. MARTIN, Com., says expressly : "No principle in the law of partnership is better settled than that the creditors of a partnership have priority over the creditors of an individual member thereof in respect to the funds of the partnership."

But that was a cause where there were *no partnership assets at all and no dissolution* of the partnership in consequence of the death of onè of the partners. The parties to the contract were all *alive* and parties to that suit. Besides there was but *one fund* in that case and no occasion arose to discuss the priorities of different persons to different funds as in the case at bar.

Such a right as is now being considered did not and could not arise in that case, and all remarks concerning it are but *obiter*. It is only where the dissolution of the partnership occurs by reason of the death of a partner or the bankruptcy of the firm that the lien of the partnership creditors can arise. Story says : "The joint creditors of the partnership, while all the partners are living and solvent, can enforce no claim against the joint effects or the separate effects of the partners, except by a common action at law. It is only in cases, where there is a dissolution by the death or bankruptcy of one partner, that the right of the joint creditors can attach, as a *quasi* lien upon the partnership effects, as a derivative, subordinate right, under and through the lien and equity of the partners." Story, Part., sec. 361.

When there is no joint fund and no solvent partner, this makes an exemption to the rule just mentioned. Story, Part., sec. 378 ; 24 Ala., *supra, loc. cit.* 636, and cas. cit. These considerations mark the wide differençe between the present case and the one in 78 Mo., on which the plaintiff so confidently relies.

The case of *Eaton v. Walsh* has no bearing whatever on this case. This reasoning and these authorities result in an affirmance of the judgment, and it is so ordered. All concur, but BARCLAY, J., who dissents.