HARGADINE-McKITTRICK DRY GOODS CO., Appellant, v. SAPPINGTON & RENSHAW et al., Respondents.

Kansas City Court of Appeals, February 15, 1904.

1. **PARTNERSHIP: Attachment: Individual Debt: Priority.** The prior attachment of an individual creditor of a partner levied on the partnership assets, will not prevail over the subsequent attachment of a partnership creditor.

2. ———: ———: ———: **Lien of: Partnership Creditor.** The fact that a partner borrowed money to purchase his interest in a partnership will not make his creditor a partnership creditor and so give him a *quasi* lien on the partnership effects, so that such prior attachment will prevail over subsequent attachment of partnership creditor.

Appeal from Moniteau Circuit Court.—*Hon. Jas. E. Hazell*, Judge.

REVERSED AND REMANDED (*with directions*).

*Moore & Williams* for appellant.

(1) Section 415 of the Revised Statutes as to settlement of priorities in attachments, is construed by the Supreme Court in its general application. Stephenson v. Stationery Co., 142 Mo. 13; Drake on Attachments, 455; Talbot v. Harding, 10 Mo. 350; Prichard v. Toole, 53 Mo. 358; Harris v. Harris, 25 Mo. App. 501. (2) The money was not borrowed of the bank for the firm, and if it had been, the bank could not claim a prior lien to that of the firm creditors. Farmers Bank v. Bayliss, Hudgers, 35 Mo. 428; Farmers Bank v. Bayliss, 41 Mo. 274; Hill v. Bell, 111 Mo. 35; Hundley v. Farris, 103 Mo. 79; Goddard-Peck Grocery Co. v. McCune, 122 Mo. 426; Level v. Farris, 24 Mo. App. 445; Skavdale et al. v. Moyer, 46 L. R. A. 480. (3) In the case at bar, H. B. Sappington filed his motion verified by

affidavit, for the distribution of the firm assets to firm creditors, and not to the Moniteau National Bank, the individual creditor of Renshaw. He had the right to this, though it was not absolutely necessary, the assets of the insolvent firm being in the receiver's hands for administration. Freedman v. Holberg, 89 Mo. App. 340. (4) The appointment of a receiver did not change the rights of attaching creditors of the firm. Their attachment lien was superior to that created by a prior attachment of the same property by the Moniteau National Bank—an individual creditor of Renshaw, one of the partners of the firm. First National Bank v. Brenneisen, 97 Mo. 145. This case is nearly on all fours with case at bar.

*R. M. Embry* for respondent.

(1) It is conceded by all parties that an attachment by garnishment was proper, and that attachments first in point of time must be first paid. Westheimer & Sons v. Giller, 84 Mo. App. 122; Stephenson v. Stationery Co., 142 Mo. 13. (2) The attachment of the appellant was abandoned, when it, through attorneys, applied for and secured the appointment of a receiver. 3 Am. & Eng. Ency. of Law (2 Ed.), 239; Mooney v. Kavanaugh, 4 Me. 277; Bowley v. Bowley, 41 Me. 542; Gathercole v. Bedel, 65 N. H. 211. (3) In order to give partnership creditors priority over individual creditors, the objecting partners must make an exhibit of the partnership assets and furnish the court with a list of the partnership creditors and a statement of their claims. There was nothing of this kind in this case. Edwards & Son Brokerage Co. v. Rosenheim, 74 Mo. App. 626; Bates on Partnership, section 820; Reyburn v. Mitchell, 106 Mo. 365; Goddard-Peck Grocery Co. v. McCune, 122 Mo. 426; Hardware Co. v. Randell, 69 Mo. App. 345.

ELLISON, J.—The mercantile partnership of Sapington & Renshaw became insolvent and they committed acts which caused several of their creditors to attach the partnership property. One of these partnership creditors was plaintiff, the Hargadine-McKittrick Dry Goods Company. The defendant, Moniteau National Bank, was an individual creditor of Renshaw. The bank levied an attachment for Renshaw's individual debt, on the partnership property prior to the levy made by either of the partnership creditors. The attachments were all confessed. The partnership had given a chattel mortgage on the property before any of these proceedings and it was about to be foreclosed at a great sacrifice and to the injury of creditors. The partnership attaching creditors then filed an application with the judge of the circuit court in vacation asking the appointment of a receiver, in which the defendant Moniteau National Bank was made a party. A receiver was appointed who took charge of the property and sold it. This contest is over the proceeds of that sale and involves a question of priority; that is, whether the defendant bank as individual creditor with prior attachment, can be preferred to a partnership creditor with subsequent attachment. The plaintiff Hargadine-McKittrick Dry Goods Co. were the last in point of time to levy their attachment and if the claim of defendant bank is to be preferred there will be nothing left for them; and hence the contest here is chiefly between them as partnership creditors and the bank as an individual creditor. The bank claimed that the greater part of the debt owing to it was used by Renshaw to purchase his interest in the partnership, and that therefore it had a lien for this purchase-money. The trial court, as near as we can gather from the somewhat imperfect record, took that view and ordered

that the bank, under its prior attachment, be first paid. Plaintiffs appealed.

The bank makes a double claim: first, that having the prior attachment which passed into judgment, it is entitled to preference. This we reject as unsound. Bank v. Brenneisen, 97 Mo. 145. And second, that its claim being for money borrowed by the individual partner which he used in purchasing his interest in the partnership, it had a lien, or prior equity over a partnership creditor. We feel constrained to rule this point also against the defendant.

The law is not now disputed that a partnership creditor is preferred in his claim against the partnership property over an individual creditor of one of the partners. And that an individual creditor is preferred in his claim against the individual property of one of the partners over the claim of a partnership creditor on such property. Hundley v. Farris, 103 Mo. 78; Goddard-Peck Co. v. McCune, 122 Mo. 426; Level v. Farris, 24 Mo. App. 445. And an attachment against one partner alone levied on partnership property only binds the interest of that partner. Hill v. Bell, 111 Mo. 35.

A prior attachment of the partnership property by an individual creditor can not give him prior rights over the partnership creditor when all proceedings are pending at the same time, and the partnership creditors have set up their claim of priority, as in this case, by their proceeding for a receiver. The result of the view taken for defendant would be to nullify the general provision of law giving priority to partnership creditors. For if mere priority of attachment determined priority of claim, such law could rarely find practical effect, since if the partnership creditor was prior in attachment he would not need the law, and if he was subsequent in attachment, he could not assert the law.

2. Defendants claim of a lien for the money bor-

rowed by the individual partner, and that, too, before he was a partner, can not be upheld. It is sometimes permitted to be shown that what appears to be an individual debt is really a partnership debt, by some means, in the individual's name. But here the debt owing to the bank was for money borrowed for the individual purpose of buying his interest in the partnership. And when he made such purchase, the property immediately became partnership property. It became the property of his copartners in common with himself. It became impressed with the rights of the other partners, prominent among which, is that of having it first applied to the discharge of the partnership's debts, a right which the creditors can be subrogated to, or, as it is sometimes expressed, a right which gives the creditors a *quasi* lien which they can work out through the partner's lien. McDonald v. Cash & Hainds, 57 Mo. App. 536.

The judgment will be reversed and cause remanded with directions to disallow the claim of defendant bank against the fund in the receiver's hands. All concur.