JAMES M. CLARK, Plaintiff in Error, v. THOMAS L. RIVES et al., Defendants in Error.

*Partnership.*—Each partner has full power and authority to sell, pledge or otherwise dispose of the entirety of any particular effects belonging to the partnership, and not merely of his own share thereof, for any purpose within the scope of the partnership, and·may relinquish the rights of the firm secured by any joint contract, but he cannot affect the rights of his co-partner in any several contract.

*Error to St. Louis Court of Common Pleas.*

This is an action on the following agreements :

*First agreement.*—" We hereby agree and bind ourselves not to levy on or sell, or cause to be levied on or sold, any of James M. Clark's property, under a certain confession of judgment by him given us this 28th day of May, 1858, till the expiration of four months from date above, said confession of judgment having been given us to better secure the payment of his account, viz., three hundred and two dollars, more or less, four months from date ; also, that we will not dispose of said judgment. St. Louis, 28th May, 1858. D'Oench & Rives."

*Second agreement.*—" We hereby agree and bind ourselves not to levy on or sell any of Rush Heintzleman's or James M.

Clark's property, or cause to be levied on same, under a certain confession of judgment by them to us given this day, 28th of May, 1858, till the expiration of four months from date, said judgment having been given to better secure the payment of their account, viz., six hundred and twenty dollars, more or less, four months from date, and also that we will not dispose of said confessions of said judgment. St. Louis, 28th of May, 1858. D'Oench & Rives."

The case was submitted to the court below on the following agreed statement of facts:

"It is agreed that the plaintiff, being indebted to the defendants, in consideration of the agreement marked ' A,' (the first above,) executed by the defendants, as it purports, confessed a judgment in their favor in the Circuit Court of St. Louis county; that the plaintiff and one Rush Heintzleman, as partners in the retail drug business, were indebted to the defendants in their partnership name; that in consideration of the agreement marked ' B,' (the second above,) which was executed by the defendants, as it purports, and by them delivered to plaintiff and Heintzleman, the plaintiff and said Heintzleman made a confession of judgment in favor of defendants for the amount of the firm's indebtedness to the defendants in the Circuit Court of St. Louis county; that in seven or eight days after said confessions of judgment were made and said agreements were executed by defendants, the plaintiff being temporarily absent from home, the said Heintzleman, his partner, without the knowledge or consent of plaintiff, gave to the defendants the order or release set out hereafter in the bill of exceptions; that upon this release the defendants caused executions to issue upon both confessions of judgment, and under said executions caused the whole of the partnership property of plaintiff and Heintzleman to be levied upon and sold without the knowledge of plaintiff, and the proceeds of the same to be appropriated to the payment of said executions."

The release mentioned in the agreed statement does not appear to be copied into the bill of exceptions.

Upon this statement the court, by consent of parties, verbally instructed "that the plaintiff was not entitled to recover damages arising out of the sale of the partnership property under the executions named in the agreed case."

The plaintiff took a nonsuit with leave to move to set the same aside.

*Voorhis*, for plaintiff in error.

I. The considerations for the agreements sued on were the confessions of judgment.

These agreements, the confessions, and the contracts sued on, raise mutual considerations and mutual obligations on all the parties.

Heintzleman, the partner of Clark, appellant, could not release the respondents from their separate agreement with Clarke concerning the stay on his individual judgment. And as both executions were levied on and satisfied out of the partnership property, the respondents are liable to the appellant for damages for taking the partnership property after the satisfaction of the joint judgment.

Our statutes recognize an agreement for stay of execution as binding on the parties, and the courts will enforce such an agreement. (1 R. C. 1855, p. 752, § 67, 70.).

It was error, therefore, for the court to rule that the appellant could not recover on the agreement made to him alone concerning his individual confession.

II. One partner has not power to confess judgment or authorize the confession of judgment against the firm. (Morgan v. Richardson, 16 Mo. 409; 1 American Leading cases, 299; 16 Mo. 409.)

*H. N. Hart*, for defendants in error.

DRYDEN, Judge, delivered the opinion of the court.

The document executed by Heintzleman and recited in the agreed case is not preserved in the record, and we are therefore deprived of the means afforded by a view of its terms and provisions of determining its meaning and operation, but

it is fair to presume in favor of the judgment, that it was sufficient to accomplish all that was claimed for it, and which could be legally effected by the act of one partner.

It is well settled that in virtue of the community of rights and interest in the partnership property, each party possesses full power and authority to sell, pledge, or otherwise dispose of the entirety of any particular effects belonging to the partnership, and not merely of his own share thereof, for any purpose within the scope of the partnership, (Story on Partnership, § 94) ; and upon this principle we think it was within the competency of Heintzleman, as partner, to relinquish the rights of the firm secured by the contract in the second count of the petition, and permit the partnership property before the expiration of the credit to be applied to the partnership debt, and.that, having made such relinquishment, it was a justification for the seizure and sale under the joint judgment, and a plea in bar to the second count.

The ground upon which the Common Pleas seemed to place its denial of the plaintiff's right to recover, was that a levy and sale of the partnership property, in contradistinction to the several property of the partners, did not constitute a breach of the contracts sued on. The design of the contracts was to relieve the property of the debtors for a limited time from the pressure of the judgments they had confessed ; and we see nothing in the nature of the subject, or in the language of the contracts, to justify the inference that the parties employed the term " property " in any such restricted sense. The seizure and sale of each kind of property would be alike injurious to the parties, and each was alike subject, at law, to seizure and sale on execution, whether for the firm debts or the individual debts of the partners, and it is therefore fair to presume, in the absence of a clearly expressed intention to the contrary, that the parties intended to embrace within the protection of the contracts both kinds of property. The true test of liability was not whether partnership property, but whether any property of the plaintiff had been seized and sold.

We have already considered the ground of defence to the second count, and found that it consists in the discharge of the contract counted on, and the absence of a breach. But no such defence to the first count is shown to exist. Heintzleman's relinquishment could have no effect upon the several contracts of the plaintiff, but spent its whole force upon the joint contract of the firm. The levy and sale of the plaintiff's interest in the partnership property, under the judgment against him alone, was in violation of the agreement declared on in the first count, and the court, therefore, erred in its declaration of the law; wherefore the judgment must be reversed, and the cause remanded, and it is so ordered; the other judges concurring.