Flanagan et al. v. Alexander et al.

———————•———————

TERRENCE J. FLANAGAN *et al.*, Appellants, *v.* BASIL W. ALEXANDER *et al.*, Respondents.

1. *Partnership—Firm assets used to pay individual debts—Government taxes.* — One partner has no right, without the consent of his copartners, to turn over goods of the firm to a third party in payment of an individual debt; but where, pursuant to such an arrangement, the grantee had received the goods and paid the government tax, the remaining partners cannot recover back the goods without reimbursing him for the amount so paid.

*Appeal from St. Louis Circuit Court.*

*Lee & Webster*, for appellants.

*Slayback & Haeussler*, for respondents.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs were partners in the distilling business, and had fifty barrels of whisky in bond under the charge of the United States revenue officer, on which the United States taxes were a lien and unpaid. Fox, one of the plaintiffs, made an arrangement with the Alexanders, defendants, to pay the United States taxes and take the whisky as commission merchants and sell the same, and after reimbursing themselves for the taxes and charges on the whisky, to credit the net proceeds on an individual indebtedness of Fox to them.

Under this arrangement the defendants paid the United States taxes and took charge of the whisky and removed it to their commission house. The other plaintiffs, partners of Fox, did not consent to the arrangement he made with defendants, and brought this suit for recovery of the whisky without first paying or tendering to the defendants the taxes and charges paid by them. The court, sitting as a jury, found for defendants; and the general term having affirmed the judgment, the plaintiffs appeal to this court.

The question raised by the instructions and discussed in this case, is whether the plaintiffs could maintain this suit without first paying the taxes and charges paid by defendants. One partner can bind the partnership in all transactions relating to the business of the firm. He has no power or authority whatever, without the consent of his copartners, to appropriate the assets of the partnership to the payment of his individual indebtedness. Where an agent exceeds his authority the principal is not bound for such excess, but is bound for all the acts of the agent within the limits of the agency. The acts of a partner are regarded in the same light. There can be no doubt that Fox, as one of the partners, had the right to place this whisky in the hands of the defendants for sale, and to authorize them to .pay the United States taxes in order to obtain possession of the whisky for that purpose. If they had under this authority sold the whisky, they could not have retained any part of the proceeds in payment of

Fox's individual indebtedness to them, because Fox exceeded his authority when he authorized them to make that appropriation. But as the taxes were a lien on the whisky, and the defendants, as commission merchants, paid these taxes by authority of one of the plaintiffs, they had a right to retain possession of the whisky until they should be reimbursed the amounts so paid by them.

Let the judgment be affirmed. The other judges concur.