Keck v. Fisher, Adm'r.

JOHN L. KECK, TRUSTEE OF MARTIN KECK, Respondent, *vs.* S. J. FISHER, ADM'R OF EST. OF HENRY WOLFKALL, DEC'D, Appellant.

1. *Partnership—Rights of partners as to disposition of partnership property—Agency.*—Each member of the partnership, as to the property and business of the firm, is the agent of all the others, and has full power and authority to sell, pledge or otherwise dispose of any effects belonging to the firm for any purpose within the scope of the partnership. (Clark vs. Rives, 33 Mo., 579, affirmed.) This rule does not apply to real property; in conveying it each member of the firm must join.

2. *Partnership—Personal property, mortgage of—Execution—Acknowledgment.*—Under our statute, which requires mortgages of personal property to be acknowledged as conveyances of land are by law required to be acknowledged, a mortgage by a partnership may be signed by any one of the partners, with the firm name, and a partner whose name does not appear in the style of the firm, may so sign the deed and acknowledge it.

*Appeal from Jackson Circuit Court.*

*A. A. Tomlinson,* for Appellant.

Raber signed the name of "Helmreich & Co." and acknowledged the instrument.

Raber was not the person whose name is signed to the instrument, and hence it cannot be his deed. The name of "H. Helmreich" is the name signed to the instrument (the word "Co." being surplusage), and he did not sign or acknowledge it, so that it cannot be his deed. It is not Raber's deed because his name is not signed to it, and it is not Helmreich's deed because he neither signed nor acknowledged it; hence it is not the deed of either member of the firm and conveys nothing.

The certificate of acknowledgment states that Raber was personally known to the notary to be the person who signed the foregoing deed as a party thereto. The statute requires the officer to state that the person making the acknowledgment is the same person whose name is subscribed to the instrument as a party thereto. While courts hold that certificates of acknowledgment should be liberally construed, we apprehend that no court has decided, or is likely to decide, that one person can acknowledge the deed of another person unless he be authorized by letter of attorney.

There is no claim that Raber had any authority to sign the name of Helmreich to the deed or acknowledge it. On the contrary Helmreich testifies that he never authorized Raber to sign his name to the deed—never ratified the signing, but sold and delivered the property to pay a firm debt.

*Jenkins & Twitchell*, for Respondent.

I. A member of a co-partnership has authority to execute, acknowledge and deliver a chattel mortgage or deed of trust upon a co-partnership chattel property for the purpose of securing an indebtedness of the firm of which he is a member. (Clark vs. Rives, 33 Mo., 579 ; Sto. on Part., § 94 [5th ed.] ; Par. on Contr., 183–4 [6th ed.]

II. As one partner has power and authority to execute a deed of trust to secure a debt of the firm, he has also the power to do all other acts essential to the execution of the power, such as to acknowledge the execution for the purposes of registration. (Robinson & Caldwell vs. Mandlin, Montague & Co., 11 Ala., 984.)

III. The certificate of acknowledgment attached to the deed of trust, in this case, contains all the essential requisites of a good and perfect certificate, to-wit: the fact of the acknowledgment by the grantor and the identity of the person. (Bryan vs. Ramirez, 8 Cal., 461 ; Cavender vs. Heirs of Smith, 5 Ia., 157; Alexander & Betts vs. Samuel Henry, 9 Mo., 510.)

IV. The body of a deed may be referred to to support even a defective acknowledgment. (Bradford vs. Davidson & Campbell, 2 Ala., 203 ; Robinson & Caldwell vs. Mandlin, Montague & Co., 11 Ala., 977.)

V. Certificates of acknowledgment are to be liberally construed, and when substance is found, it is neither the duty nor inclination of courts to jeopardize titles in any way depending upon them by severe criticisms upon their language.

They will be liberally construed, and sustained if possible, by fair legal intendment. (Morse vs. Clayton, 13 S. & M., 373; Chandler vs. Spear, 22 Ver. [7 Washb.], 388 ; Jackson,

*ex dem* Merrill vs. Stanton, 2 Cow., 552, 567; Suffborough vs. Parker, 12 Serg. & Rawle, 48; Hall vs. Gittings, 2 Harr. and John., 390; Talboit's Lessees vs. Simpson, 1 Pet., C. C. R., 191; McIntosh vs. Ward, 5 Bing., 296; Nantz vs. Bailey, 3 Dana, 113, 119; Fuhrman vs. London, 13 Serg. & Rawle, 386; Brooks vs. Chaplin, 3 Ver., 281.)

WAGNER, Judge, delivered the opinion of the court.

This was an action in the nature of replevin, to recover the possession of certain personal property described in the petition. The plaintiff claimed the property as trustee by virtue of a written instrument made in the name of H. Helmreich & Co., which was executed by Charles Raber, a member of the firm. The defendant claimed the property by purchase from one Holden, who bought it from H. Helmreich & Co., subsequent to the execution of the deed to plaintiff. Raber signed the name of H. Helmreich & Co. to the deed, and acknowledged its execution before a notary public. The acknowledgment is as follows: "Be it remembered, that H. Helmreich & Co. by Charles Raber, of the firm of H. Helmreich & Co., who is personally known to the undersigned, a notary public within and for said county, to be the person who subscribed the foregoing deed, as party thereto, this day appeared before me and acknowledged that he executed and delivered the same for the uses and purposes therein contained." It is now contended that Raber had no power to make the deed, without a special authorization from the other partner, and that the acknowledgment is bad.

The first point is surely not sustainable. In Clark vs. Rives, (33 Mo., 579) it was held, that each partner had full power and authority to sell, pledge or otherwise dispose of any effects belonging to the partnership, for any purpose within the scope of the partnership. Judge Story lays it down as the settled doctrine, that by virtue of the community of rights and interests in the partnership stock, funds and effects, each partner possesses full power and authority to sell, pledge or otherwise dispose of the entirety of any particular goods,

wares, merchandise, or other personal effects belonging to the partnership, and not merely of his own share thereof, for purposes within the scope of the partnership. In respect to the shares of his co-partners, he is deemed to do such acts as their agent and as the accredited representative of the firm. Each partner is treated without any nicety of discrimination, and he is deemed to possess a dominion over the entirety of the property, and, therefore, clothed with all the ordinary attributes of ownership. (Sto. Part., § 94.)

The same principle is announced by Chancellor Kent, who says "With respect to the power of each partner over the partnership property, it is settled, that each one, in ordinary cases and in the absence of fraud on the part of the purchaser, has the complete *jus disponendi* of the whole partnership interests, and is considered to be the authorized agent of the firm. He can sell the effects, or compound or discharge the partnership debts. This power results from the nature of the business, and is indispensable to the safety of the public, and the successful operations of the partnership. He is an agent of the whole, for the purpose of carrying on the business." (3 Kent. Com., 44.) The result of the authorities is, that the act of each partner is considered as the act of the whole partnership, or of all the partners, within the scope of the business of the firm. But in respect to real estate, a different rule prevails, founded on the nature of the property and the provisions of the common law applicable thereto. Each partner is required, both at law and equity, to join in conveyance of real estate, in order to pass the entirety thereof to the grantee; and if one partner only executes it, whether it be in his own name or that of the firm, the deed will not ordinarily convey any more than his own share or interest therein, (Sto. Part., *ubi supra*).

As the property here conveyed was personal property, and the conveyance was made to secure an indebtedness of the firm, the partner had the unquestionable authority, to execute the conveyance without any special authorization for that purpose.

. .This was a deed of trust and the statute provides that no mortgage or deed of trust of personal property shall be valid against any other person than the parties thereto, unless pos-·session of the property be delivered to and retained by the mortgagee or trustee, or *cestui que trust ;* or unless the mortgage or deed of trust be acknowledged or proved, and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be acknowledged or proved and recorded. (Wagn. Stat., p. 281, § 8.)

.·· Section 7, of the chapter in relation to conveyances of real estate, declares that all deeds or other conveyances of lands, or of any estate or interest therein, shall be subscribed and sealed by the party granting the same, or by his lawful agent, and shall be acknowledged or proved and certified in the manner herein prescribed. (*Id.*, p. 273.) The 13th section of the same act provides that no acknowledgment of any instrument in writing, conveying real estate, or whereby any real estate may be effected, shall be taken unless the persons, offering to make such acknowledgment, shall be personally known to the officer taking the same, to be the person whose name is subscribed to such instrument as a party thereto or shall be proved, etc. The argument against the validity of the acknowledgment, is this : Raber is not the person whose name is signed to the instrument, and hence it cannot be his deed. The name of H. Helmreich & Co., is the name signed to the instrument, and Helmreich did not sign or acknowledge it, so that it cannot be his deed. It is not Raber's deed because his name is not signed to it, and it is not Helmreich's deed, because he neither signed nor acknowledged it ; therefore, it is not the deed of either member of the firm, and conveys nothing.

But this argument is founded upon a total and complete misapprehension. As we have seen before, Raber had full authority, and was the legally empowered agent of the firm to dispose of the property, and execute the instrument, and the statute requires that the deed should be subscribed, sealed and acknowledged by either the principal or his lawful agent. It

follows, that as Raber was the lawful agent, and executed and acknowledged the instrument in the name of the firm, the execution was sufficient and the conveyance valid.

The court below found for the plaintiff and its judgment will be affirmed.

All the judges concur except Judge Vories, who is absent.