GEORGE W. CREATH, Respondent, v. GEORGE KOLB *et al.*, Defendants; THE NELSON DISTILLING COMPANY, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Partnership, Evidence of.** Where a partnership business was conducted in the name of plaintiff as one of the partners, and plaintiff read in evidence a petition of defendant in another suit for a dissolution of the partnership, in which it was stated that plaintiff was a partner in the business, it was sufficient to establish such partnership.

2. ———: RIGHT OF ONE PARTNER TO SELL WITHOUT CONSENT OF OTHERS: RULE: LIMITATION OF RULE. While one partner may, without the knowledge or consent of the others, mortgage, pledge, or sell any or all of the firm assets for any purpose within the scope of the partnership, the power of sale is limited to such articles as are held for the purpose of sale, and the sale must be in furtherance of the partnership business and not destructive of it; otherwise it is invalid.

3. ———: SALE BY ONE PARTNER WITHOUT CONSENT OF OTHER: EVIDENCE: FRAUD. Where one partner without the knowledge or consent of the other negotiated with the agent of a creditor of the firm for a sale of the entire property of the firm, in satisfaction of the firm indebtedness for a sum much less than the value of the property, and securing a key to the premises put the agent in possession of the property, when the other partner was, at the time, in sole charge of the business, and within reach,—*Held:* That the court was justified in finding that the sale was actually fraudulent.

4. ———: ———: FRAUD: REMEDY. Under such circumstances plaintiff's only remedy was by resort to a court of equity.

*Appeal from the Butler Circuit Court.*—HON. C. L. KEATON, Special Judge.

AFFIRMED; all the judges concurring, Judge BOND in the result.

*Henry B. Davis* for appellant.

The petition does not state a cause of action against appellant. 1 Pom. Eq. Juris. 178; 2 *Id.*, pp. 911–914.

There was no partnership in a legal sense. *Bank v. Saw Co.*, 104 Mo. 425.

If there was a partnership, then defendant, Kolb, had full power and authority to sell, pledge, or otherwise dispose of any effects belonging to the partnership for any purpose within the scope of the partnership. *Clark v. Rivers*, 33 Mo. 579; *Keck v. Fischer*, 58 *Id.* 532; *Holt v. Simmons*, 16 Mo. App. 97; 2 Story on Part., par. 94; 2 Lindley on Part., s. pp. 285, 295.

The property conveyed was not grossly in excess of the debt. *State to use v. Mason*, 112 Mo. 374; Bump on Fraud. Con., pp. 44, 45; *Ames v. Gillmore*, 59 Mo. 549.

*E. R. Lentz* and *G. A. Standard* for respondent.

The petition states a cause of action against both Kolb and appellant. Courts of equity always have jurisdiction in cases of fraud. Here fraud is charged, and the court finds that appellant participated in the fraud. *Clark v. Henry's Adm'r*, 9 Mo. 339.

In equity cases, under the prayer for general relief, the plaintiff is entitled to any relief consistent with the case made, whether asked for or not. *Greenwood v. Ins. Co.*, 27 Mo. App. 417; *Ashby v. Winston*, 26 Mo. 213; *Holmes v. Fresh*, 9 *Id.* 214; *McGlothin v. Hemery*,

44 *Id.* 351; *Northcraft v. Martin*, 28 *Id.* 469; *Wilkins v. Wilkins*, 1 John. Ch. 117; *Hiern v. Mill*, 13 Ves. 119; *Grimes v. French*, 2 Atk. 141; *Dormer v. Fortescue*, 3 Atk. 132.

BIGGS, J.—On the thirteenth day of June, 1893, George Kolb attempted to sell to his codefendant, the Nelson Distilling Company, the entire contents of a saloon consisting of wines, whiskies, bottles, fixtures, etc., in the city of Poplar Bluff. The plaintiff was the active manager of the saloon and the business was conducted in the name of G. W. Creath & Company. The pretended sale took place about 11 o'clock P. M. of the day above mentioned. Kolb procured a key to the building, unlocked the door, and put the agent of the appellant in possession. The plaintiff claims to have been a partner of Kolb in the business. It is conceded that he was not consulted about the sale, although he was at his home in the city, and that he knew nothing of it until the next morning. After a refusal by the agent of the appellant to surrender the possession of the property, the plaintiff instituted the present action in equity to have the alleged sale set aside as being illegal and fraudulent; and a decree of dissolution of the partnership, and for the settlement and adjustment of its business, was also asked. Upon the filing of the petition and service of process, the court appointed a receiver, who took charge of the property, and subsequently sold it under the orders of the court. The Nelson Distilling Company answered that it had purchased the property in good faith from Kolb, and that the consideration of the purchase was the satisfaction of a debt of $510 due from the concern to the company. The answer denied that plaintiff was a partner in the business. On the hearing of the cause the circuit court found that in December, 1892, the plaintiff

and defendant entered into a copartnership agreement to conduct the saloon in question; that the business was so conducted under the firm name of G. W. Creath & Company, until June 23, 1893, when Kolb fraudulently transferred and delivered all of the property of the firm to appellant. The court also found that Kolb owed the firm $679.24 which he was ordered to pay to the receiver. The receiver was ordered to pay the debts of the firm, and if the money in his hands proved insufficient for that purpose, then they were to be paid *pro rata* except that of the appellant, which in the event of insufficiency of assets, was ordered to be postponed until other debts were paid in full. The Nelson Distilling Company alone has appealed.

The contention of counsel that there was no substantial evidence that Creath was a partner of Kolb, or that the sale from Kolb to the appellant was illegal or fraudulent, is not well founded. It is con-

PARTNERSHIP, evidence of.

ceded that the business was conducted under the firm name of G. W. Creath & Company. Kolb testified that in the beginning plaintiff was a partner, but that under a subsequent agreement he became merely an employee or manager of the business at a stated salary. The testimony of plaintiff was against this. In contradiction of the testimony of Kolb the plaintiff read in evidence a petition filed by Kolb in the circuit court at its May term, 1893, in which he stated that plaintiff was his partner in the saloon business, and that he was misappropriating the assets of the firm. There was a prayer for the dissolution of the firm and for an accounting. Under this proof the circuit court was justified in its conclusion as to the existence of the alleged copartnership.

That the sale by Kolb was, under the circumstances, illegal, we think is clear. The general rule is that one partner may, without the knowledge or consent of his

copartner, mortgage, pledge, or sell any or *all* of the assets of the firm for any *purpose within the scope of the partnership.* This is the rule as stated by the text writers and the courts, and it has been adopted in this state. *Keck v. Fisher*, 58 Mo. 532; *Clark v. Rives*, 33 Mo. 579. What is a sale or other disposition "within the scope of the partnership?" The trend of modern decision is, that such a disposition must be in furtherance of the partnership business and not have the effect of destroying it. Bates on Partnership, sec. 403; *Hunter v. Wayneck*, 67 Iowa, 555; *Kimball v. Ins. Co.*, 8 Boswell (N. Y.), 465; *Wallace v. Yeager*, 4 Phil. (Pa.) 251. The power to sell absolutely is also confined to such articles as are held for the purpose of sale. Bates on Partnership, sec. 404; George on Partnership, pp. 233, 234. Under these authorities the attempted sale by Kolb was invalid for two reasons: *First*, the sale included the fixtures, which were not kept for sale, and *second*, the evident effect of it was to destroy the business. If the plaintiff had been absent and not accessible, and the exigencies of the business demanded immediate action, there might be some ground for upholding the sale if it were otherwise valid.

We are also of the opinion that the circuit court was justified in finding that the sale was actually fraudulent. The agent of the plaintiff came to Poplar Bluff the day before the sale for the purpose, as he stated, of collecting the appellant's debt. Although plaintiff was at home and in the sole charge of the saloon, he said nothing to him about paying the debt. All of the negotiations for its payment were carried on with Kolb, and were not communicated to plaintiff. At 11 o'clock on the second night after his arrival he and Kolb agreed on the sale by which the entire property

*[margin notes: Right of one partner to sell without consent of others: rule: limitation of rule. Sale by one partner without consent of other: evidence: fraud.]*

of the firm of the value of $900 or $1,000 was turned over in satisfaction of a debt of $510. Immediately after the agreement was reached they secured a key to the saloon building and the agent was placed in possession. This evidence needs no comment.

The resort to a court of equity was plaintiff's only remedy. His partner had willfully violated the contract of partnership, and by his wrongful and fraudulent act

FRAUD: remedy.

had placed the partnership assets in such a situation that a court of equity only could protect the plaintiff, and through him the other creditors of the firm in their just rights. We, therefore, conclude that the judgment of the circuit court ought to be affirmed. All the judges concur; Judge BOND in the result.