ROCK ISLAND IMPLEMENT COMPANY, Appellant, v. SLOAN & CORBIN, Defendants; RICHARD CORBIN, Interpleader, Respondent.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Interpleader: GENERAL DENIAL: BURDEN OF PROOF.** Where the answer to an interplea is a general denial, the burden of establishing his title is cast upon the interpleader.

2. **Partnership: INDIVIDUAL DEBT: CREDITORS.** While the partnership may appropriate the firm assets to the liquidation of a partner's private debt, such partner's so doing without consent is a fraud on the firm, and creditors may pursue the property. Cases examined and discussed.

Appeal from the Cass Circuit Court.—*Hon. J. H. Lay,* Special Judge.

REVERSED AND REMANDED.

*James C. Williams* and *W. D. Summers* for appellant.

(1) Interpleader is the plaintiff. Burgert v. Borchert, 59 Mo. 80; Mansur v. Hill, 22 Mo. App. 372; Kirschenschlager v. Armitage Herschel Co., 58 Mo. App. 165; Cunningham v. Prusansky, 59 Mo. App. 498; Oil Co. v. Bell, 71 Mo. App. 653. (2) Burden of proof rests with interpleader. Com. Co. v. Bank, 27 Mo. App. 676; Boller v. Cohen, 42 Mo. App. 97; Toney v. Goodley, 57 Mo. App. 235; Scharff v. Meyer, 133 Mo. 428. (3) One partner can not transfer the partnership property for the satisfaction of his individual debt without the consent or acquiescence of the other partners. ·Wiles v. Maddox, 26 Mo. 77; Flanagan v. Alexander,. 50 Mo. 50; Ackley v. Staehlin, 56 Mo. 558; Price v. Hunt, 59 Mo. 258; Hilliker v. Francisco, 65 Mo. 598; Shackelford's Admr. v. Clark, 78 Mo. 491; Hundley v. Farris, 103 Mo. 78; Reyburn v. Mitchell, 106 Mo. 365; Young v. Thrasher, 115 Mo. 222; Grocery Co. v. McCune, 122 Mo. 426; Ewart v. Mercantile Co., 130 Mo. 112; Banking House v. Harvey, 12 Mo. App. 588; Noble v. Metcalf, 20 Mo. App. 360; McDonald v. Cash; 45 Mo. App. 66; In re Est. of Edwards & Wiggington, 47 Mo. App. 307; Creath v. Distilling Co., 70 Mo. App. 296; Lindley on Partnership, star page 358; McRae v. Campbell, 28 S. E. Rep. 920 (Mass.) 1898.

*John F. Lawder* and *Geo. Bird* for respondent.

(1) We answer plaintiff's first and second propositions by conceding them. (2) To appellant's third proposition, would respectfully reply that there is no evidence whatever, as plaintiff contends, that "This money was for the personal use of Mr. Sloan and was not borrowed or used for the firm of Sloan & Corbin."

SMITH, P. J.—The defendants were partners, under
the name of Sloan & Corbin, engaged in the retail agricul-
tural implement business, etc.   Sloan, for his own individual
use, borrowed of Richard Corbin, interpleader $160, for which
he executed the note of Sloan & Corbin; afterwards Sloan
sold and delivered to the interpleader certain agricultural
implements belonging to Sloan & Corbin to discharge the
note.   It nowhere appears from the evidence that W. D.
Corbin, the other partner, knew, or in any way approved or
acquiesced in the act of Sloan either in the giving of the
partnership note or in the sale and deliverey of said partner-
ship property to interpleader to discharge said note.   Nor is
there any evidence preserved by the bill of exceptions which
tends to show directly or inferentially that the money bor-
rowed by Sloan of interpleader was for the use of the partner-
ship.   Although the way the note was signed may give rise
to the inference that the money for which it was given was
for the use of the partnership, the testimony of both Sloan
and the interpleader tends to prove that the loan was made
to Sloan for his separate use and not for that of the partner-
ship.

This is an action of attachment brought by the plaintiff
against the partnership, on an account for goods sold by the
former to the latter antedating the said transactions between
Sloan and the interpleader.   The agricultural implements de-
livered by Sloan to interpleader were seized under the writ
as the property of the partnership.   The cause was tried by
the court without the aid of a jury.   The interpleader had
judgment and the plaintiff appealed.

At the conclusion of the evidence the court was requested
to declare, as a matter of law, that the interpleader was not
entitled to recover.   It seems to us that this declaration should
have been given.   The plaintiff did not assail the interpleader's
title to the property in dispute on the ground of fraud.   The

plaintiff, in its answer to the interpleader's claim, pleaded a general denial. This cast upon the interpleader the burden of establishing his title.

The law is well settled everywhere to the effect that one partner has no right to appropriate partnership property to the payment of his individual indebtedness, without the consent of his co-partner. To do so is a fraud on his co-partner and through the right of the firm, creditors may pursue the property. If one partner with the assent of the other sells partnership property to his creditor to satisfy his private debt, and the transaction is *bona fide*, the title passes and a partnership creditor can not compel an application thereof to his debt, as there is nothing through which the equities of the firm can work.

Each partner is liable for the partnership debts. The partners may, so long as the firm exists, do with their property as they see fit. The partnership creditors have no lien on the partnership property for the payment of their debts while the partnership continues to exist. Partners have a right to have the partnership property applied to partnership purposes, but this is a right or lien they may waive. Sexton v. Anderson, 95 Mo. 381; Reyburn v. Mitchell, 106 Mo. 365; Seger v. Thomas, 107 Mo. 635; Grocery Co. v. McCune, 122 Mo. 426.

The sale by Sloan to interpleader was not made in furtherance of the partnership business. Generally speaking, each partner is the agent for his co-partners when engaged in the transaction of partnership business. He may without their knowledge or consent sell the assets of the partnership for any purpose within the scope of the partnership. A sale may be said to be within the scope of the partnership business when in furtherance of it and not in subversion of it. Kock v. Fisher, 58 Mo. 532; Clark v. Rives, 33 Mo. 579; Creath v. Distilling Co., 70 Mo. App. 296. Where an agent exceeds his authority,

Renn v. Supreme Lodge K. of P.

the principal is not bound for such excess; and the acts of the partner are to be regarded in the same light. Flanagan v. Alexander, 50 Mo. 50.

Accordingly, we must think that the sale of the partnership property by Sloan to the interpleader, under the circumstances referred to by us, did not have the effect to pass the title of the partnership therein to the latter—that such sale was void, and therefore the title remained in the partnership and was subject to attachment for the debts.

It results from this that the judgment must be reversed and cause remanded. All concur.