FRANCIS HEMM, Appellant, v. RICHARD F. JUEDE, Respondent.

St. Louis Court of Appeals, December 30, 1910.

1. APPELLATE PRACTICE: Motion for New Trial: No Exception to Order Overruling. Where no exception is preserved to the overruling of the motion for a new trial, the case stands on appeal as though a motion for a new trial had not been made.

2. ————: Motions after Final Judgment: Review: Motion for New Trial not Necessary: Bill of Exceptions Necessary. The rulings of the trial court on motions made after final judgment, such as motions to quash an execution, pay over money on execution, set aside a judgment for irregularity, set aside an execution sale, and the like, are reviewable on appeal without motion for rehearing or new trial, and the fact that the judgment entered in the case does not affirmatively show the ground of the court's judgment, or that evidence was taken on the motion, does not change the rule, but, under such circumstances, a bill of exceptions is necessary to advise the appellate court of the nature of the motion and the evidence adduced.

3. ——: ——: **Independent Proceeding: Motion for New Trial Necessary.** A ruling on a motion which is treated as an independent proceeding is not reviewable on appeal, in the absence of a motion for new trial.

4. **JUDGMENTS: Final Judgment: Dissolution of Partnership.** A decree dissolving a partnership and appointing a receiver to distribute the assets is a final decree, and leaves nothing to do but to execute it by administrating the partnership estate.

5. **APPELLATE PRACTICE: Motion After Final Judgment: Prayer for Distribution of Funds of Dissolved Partnership: Motion for New Trial not Necessary.** In an action for the dissolution of a partnership, where the final decree directed the receiver to distribute the proceeds of the firm's assets equally between two partners, a motion by the trustee in bankruptcy of one of the partners, filed after the rendition of said decree, praying for an order directing the receiver to turn over to the trustee the bankrupt's share of the dissolved partnership assets, is not the commencement of an independent proceeding, as the trustee merely stands in the place of the bankrupt, and the ruling on such motion is reviewable on appeal although no motion for a new trial thereon was filed.

6. **PARTNERSHIP: Firm Assets: Rights of Partners.** In order to discharge himself from the liabilities to which he may be subject as a partner, a member of a firm has the right to have the partnership property applied in payment of the firm's debts, and this right exists not only against his partner but against all persons claiming through him, including his trustee in bankruptcy.

7. ——: ——: **Distribution.** Where the partners are in possession and control of the firm's property, they may make any honest disposition of it, and each may waive his equitable right to have it applied to the payment of firm debts, and consent to the application thereof to the payment of a partner's individual debts.

8. ——: ——: ——: **Rights of Partners: Administration of Estate by Court.** The court, in the administration of a partnership estate in a suit for the dissolution of the firm and the distribution of its estate, must apply the firm's assets to the satisfaction of the firm's creditors, to the exclusion of the individual creditors of the individual partners.

9. ——: ——: ——: ——: ——: **Facts Stated.** In an action by a partner for dissolution of the partnership and division of the assets between him and his co-partner, after payment of the firm's debts, a decree dissolving the firm and appointing a receiver to distribute the proceeds of

its assets equally between the partners, after deducting the cost of the proceeding, rendered on a stipulation permitting the appointment of a receiver to take charge of and dispose of the firm's assets and to report to the court from time to time, is not inconsistent with the idea that if partnership creditors presented claims before the funds were distributed, they should be paid; and while the funds are in the custody of the court, subject to its proper orders, the partner suing for the dissolution of the firm and the appointment of a receiver has not waived or lost his equitable right to have the firm's assets applied to the payment of the firm debts, and so long as there is any probability that a claim may be upheld as a firm liability, the court may not order the receiver to pay over to the trustee in bankruptcy of the copartner the share of the copartner in the firm's assets.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED (*with directions*).

*Taylor R. Young* and *Daniel Dillon* for appellant.

(1) A partnership is liable for the negligence of any one of the partners in carrying on the partnership business. The authorities are all agreed on this proposition. Dudley v. Love, 60 Mo. App. 420; Wilson O'bear Gro. Co. v. Cole, 26 Mo. App. 5; Parsons on Partnership (4 Ed.), sec. 105 and note sec. 100 and notes; Story on Partnership (7 Ed.), secs. 166, 167; Lindly on Partnership (7 Ed.), p. 174; Shumaker on Partnership, pp. 310, 311, 312, and cases cited and notes; 1 Cooley on Torts (3 Ed.), p. 253 and note 28; Hoss v. Lawry, 122 Ind. 225; Hyme v. Erwin, 23 A. C. 226. (2) When a partnership becomes insolvent or goes into bankruptcy, those having claims against the partnership have a priority as against the assets of the partnership over those having claims against the individual members of the partnership. All authorities are agreed on this point. In fact, it is elementary. Parson's on Partnership (4 Ed.), sec. 382; Shumaker on Partnership, pp. 354-358; Hundly v. Faris, 103 Mo. 79; Phelps v. McNelly, 66 Mo. 558; Ault v. Bradley, 191

Mo. 731.    (3)    Appellant Hemm, being a member of the firm of Hemm & Jeude had the right to have the partnership assets applied to the payment of partnership liabilities.    Phelps v. McNelly, 66 Mo. 554; Shackelford's Admr. v. Clark, 78 Mo. 492; Blake v. Bank, 219 Mo. 658; Lindley on Partnership (7 Ed.), 1905, p. 387; George on Partnership, p. 180; Shumaker on Partnership, pp. 354-356.

*Buder & Buder* for respondent; *Byron F. Babbitt* for respondent, trustee in bankruptcy.

(1)    The appeal in this case is from the judgment of the trial court upon the intervening petition of C. Wm. Koenig, trustee in bankruptcy of Richard F. Juede, and from that judgment alone.    The appellant filed a motion for new trial upon that judgment, but failed to save an exception to the action of the trial court in overruling the same.    Hence there is nothing before this court for review.    Abstract pp. 40 and 105; Parsons v. Clark, 98 Mo. App. 28; Bates v. Realty Co., 88 Mo. App. 550; Reynolds v. Railroad, 146 Mo. 126; Sicher v. Rambausek, 193 Mo. 113; Casler v. Chase, 160 Mo. 418; State v. Miller, 189 Mo. 673.    (2)    After an order of distribution the money in the hands of the receiver must be considered the separate property of the distributee.    Richards v. Griggs, 16 Mo. 416; Kiernan v. Robertson, 116 Mo. App. 56.    (3)    Partnership creditors have no lien on the partnership property any more than an individual creditor has upon the individual property of the debtor.    Partners have a lien which is worked out on an implied agreement that partnership assets are to be appropriated for partnership debts, but this lien can be and is easily waived by the action of the partners.    In re Langmead's Trust, 7th De. Gex. M. & G. Reports, 353; Lingen v. Simpson, 1 Simmon & Stuart's Reports, 600; Giddings v. Palmer, 107 Mass. 269; Hapgod v. Cornwell, 48 Ill. 64; Robert-

son v. Baker, 11 Fla. 192; Hart v. Clark, 54 Ala. 490; Andrews v. Mann, 31 Miss. 322; Ex parte Ruffin, 6 Vesey 119; Ex. Parte Walker, 4 De. Gex. F. & J. Reports, 509; Holroyd v. Griffiths, 3 Drew 428. (4) And where the partners are not in position to enforce the lien the firm creditors cannot. Case v. Beauregard, 99 U. S. 119; Rice v. Barnard, 20 Vt. 479; York County Bank's Appeal, 32 Pa. St. 446; Lefevre's Appeal, 69. Pa. St. 129; Baker's Appeal, 21 Pa. St. 76; Robb v. Stevens, Clark Ch. Cases (N. Y.) 191; Sage v. Chollar, 21 Barb. (N.Y.) 596. (5) Joint but not partnership creditors cannot claim this priority, for a partner's lien upon which this equity rests does not extend to such debts. Turner v. Jaycox, 40 N. Y. 470; Forsyth v. Woods, 11 Wallace, 78 U. S. 484. (6) Under the Bankruptcy Act the rights of Mr. Juede's trustee in bankruptcy attached to the fund in controversy as of the date of Jude's adjudication in bankruptcy, to-wit, as of January 16, 1909. Natl. Bankruptcy Act, sec. 70a.

STATEMENT.—Appeal by plaintiff from the action of the circuit court of the City of St. Louis in sustaining the intervening petition filed by the trustee in bankruptcy of the defendant.

The facts in the case are undisputed. From August 31, 1907 to July 20, 1908, Francis Hemm and Richard F. Juede were in partnership carrying on a retail drug business in the city of St. Louis. On July 15, 1908, one George B. Riefling commenced suit against Juede in the circuit court of said city to recover damages for personal injuries alleged to have been sustained through the negligence of Juede, acting as a member of said firm, in compounding and filling a physician's prescription. On July 20, 1908, Hemm brought this action praying for the dissolution of the partnership, the appointment of a receiver and the division between the parties of the partnership assets after payment of the

partnership debts.    On August 3, 1908, defendant entered his appearance to the June term, 1908, and by consent of both parties the court set said cause down for immediate hearing on its merits; defendant filed an answer and cross-bill praying that the bill of plaintiff be dismissed, the partnership dissolved and a receiver appointed to dispose of the assets and distribute the proceeds.    On the same day a stipulation between the parties was filed in the cause as follows:

"Cause submitted.    Decree of dissolution on defendant's cross-bill and Theodore Hemmelmann, Jr., appointed receiver without bond to take charge of and dispose of assets and to report to court from time to time."

The court on said 3d day of August, 1908, entered a decree as follows:

"Now on this day comes the plaintiff by Taylor R. Young, his attorney, and comes the defendant by Messers. Buder & Buder, his attorneys, and the parties hereto having entered their respective appearances to the June term, 1908, and consenting to an immediate setting and hearing in said cause on defendant's cross-bill, plaintiff having heretofore dismissed his bill, the court thereupon proceeds to hear the evidence and proof adduced by the parties, and being fully advised of and concerning the premises, doth find in favor of the defendant on the issues herein joined.

"It is therefore adjudged, ordered and decreed that the partnership heretofore known as Hemm & Juede, and engaged in conducting a retail drug business at 3100 South Grand avenue in the city of St. Louis, be, and the same hereby is dissolved and that for the purpose of the distribution of the assets, doth hereby appoint Theodore Hemmelmann, Jr., receiver, without bond, to take charge and dispose of the assets, including the leasehold mentioned in the cross-bill herein, at public or private sale, in bulk, for cash, to the highest and best bidder thereof subject to the approval of the court, however, and to distribute the proceeds of such sale, after deducting the

costs of this proceeding, equally between the parties plaintiff and defendant."

On September 26, 1908, the receiver filed in the cause a report showing that he had turned the partnership assets into cash and after paying the expense of the receivership and the claimants of sundry creditors and deducting his agreed fee of two hundred dollars and making unequal advancements to Messers. Juede and Hemm, he still had a balance due Juede of $3295.28 and a balance due Francis Hemm of $3157.10. On September 30, 1908, Riefling filed an amended petition in the damage suit making the plaintiff and defendant herein, Juede and Hemm, doing business under the style and firm name of Hemm & Juede, parties defendant. And thereafter on the same day he filed a motion in this action praying leave to join the receiver as party defendant in the damage suit. On January 18, 1909, defendant Juede was adjudicated a bankrupt by the District Court of the United States within and for the Eastern Division of the Eastern Judical District of Missouri. On February 2, 1909, plaintiff filed a motion in this cause praying the continuance of the receivership and that no order of distribution in this cause be made until such time as the damage suit was finally determined. On the same day C. William Koenig, who had in the meantime been duly appointed and qualified as trustee in bankruptcy of defendant Juede, appeared and filed in this cause his petition for an order on the receiver to turn over to him as such trustee the sum of $3295.28 as the share of Juede in the fund realized out of the partnership assets and shown by the report to be in the hands of the receiver. On February 4, 1909, the motion of Riefling for leave to sue the receiver and the motion of plaintiff to continue the receivership, etc., and the petition of said trustee in bankruptcy were submitted to the court by consent on certain evidence and admissions, including the files in the damage suit, and a petition which had been filed by Francis Hemm

in the bankruptcy proceeding asking the bankruptcy court to refrain from taking hold of the partnership assets until the partnership liabilities were settled and the state court ordered distribution.

The evidence tended to show, among other things, that the damage suit was well founded and that the personal injuries sought to be recovered for therein were very severe and were due to Juede's negligence while acting in the partnership business, in filling a prescription for Riefling, and that the amount sought to be recovered by Riefling was ten thousand dollars. On July 6, 1909, the court overruled the motion of plaintiff to continue the receivership, etc.; overruled the motion and petition of the said Riefling for leave to sue the receiver, and sustained said motion of C. William Koenig, trustee in bankruptcy of the estate of Richard F. Juede, and ordered the receiver to turn over to the said trustee in bankruptcy the sum of thirty-two hundred, ninety-five dollars and twenty-eight cents less one-half of the court costs. To which rulings and orders of the court and each of them  the plaintiff then and there excepted, saved his exceptions and still excepts. In due time the plaintiff filed a motion for a new trial, and on July 19, 1909, the court overruled the motion, but the plaintiff did not save any exceptions to the action of the court in so doing. He did, however, duly preserve and make part of the record in this cause the petition of the trustee in bankruptcy and the action of the court thereon and the evidence upon which such action was based, by proper bill of exceptions, and has duly prosecuted his appeal to this court from the judgment of the circuit court sustaining the said petition of the trustee in bankruptcy.

CAULFIELD, J. (after stating the facts).—I. We are met in the beginning by the fact that plaintiff preserved no exception to the action of the trial court in overruling his motion for a new trial. The case must

stand then as if there was no motion for a new trial; and we cannot review the court's action in sustaining the petition of the trustee in bankruptcy if the error assigned should have been brought to the attention of the trial court by such a motion. [Kolokas v. R. R. Co., 223 Mo. 455, 122 S. W. 1082.] But we are convinced that the assignment of error we are called upon to review is not in that predicament. From an early day it has been uniformly held that for all the purposes of a review in this court the rulings of the trial court on motions made after final judgment stand on a different footing from those made during the progress of the cause. This court will review the action of the lower court on a motion to quash an execution, pay over money on execution, set aside a judgment for irregularity, set aside execution sale and the like, though there is no motion for a rehearing or new trial. A motion for a new trial is unnecessary in such cases. [City of St. Louis v. Brooks, 107 Mo. 380, 383, 18 S. W. 22.] And it does not change the rule that the judgment entered in the case does not affirmatively show the ground of the court's judgment, or that evidence was taken on the motion. Such circumstances merely necessitate a bill of exceptions in order to advise this court of the nature of the motion and the evidence adduced. It does not necessitate a motion for a new trial. [City v. Brooks, supra; Aultman v. Daggs, 50 Mo. App. 281.]

But there is another class of motions which are treated as independent proceedings, where a motion for a new trial is required in order to authorize a review by us. [Lilly v. Menke, 92 Mo. App. 354, 358.]

In Erskine v. Lowenstein, 82 Mo. 305, which was a motion for judgment against a stockholder of an insolvent company it was held that it took the place under the statute, of a suit in equity; and in Steele v. Steele, 85 Mo. App. 224 on a motion for alimony, the court ruled that a motion for a new trial was necessary in order to have a review of the facts on appeal. In

such cases a motion is akin to a petition in an original cause and really begins a new proceeding. It is proper therefore that the same rule in regard to moving for a new trial should apply to such a motion as would be applied to any original independent cause. Such would probably also be the rule in an interpleader upon attachment or where a third person intervenes, claiming property or money in the custody of the court adverse to the parties.

The paper filed by the trustee in bankruptcy in the case at bar, while taking the form of an intervening petition, is in effect nothing more than a motion, and it is undoubtedly a motion filed after final judgment. The decree of August 30, 1908, dissolving the partnership, appointing the receiver, etc., was a final decree, and left nothing to do but execute it by administering the estate. [State ex rel. v. Woodson, 161 Mo. 444, 453, 61 S. W. 252; Shulte v. Hoffman, 18 Texas 678.] The motion of the trustee came after that and we do not consider its filing the commencement of an independent proceeding in the sense we are discussing. The trustee merely stood in the shoes of the bankrupt and could have asserted no right except such as he derived from the bankrupt defendant. No new issue and no new right was asserted by his intervening petition. He was necessarily limited in his requests to what the bankrupt partner was entitled to. We see no material distinction between the action of the court in sustaining such a motion and the action of the court in sustaining a motion to quash an execution and ordering the sheriff to pay over money in his hands to the defendant, as was done in Slagel v. Murdock, 65 Mo. 522, where it was held that a motion for a new trial was unnecessary.

We will then review the trial court's action in sustaining said petition.

II. In order to discharge himself from the liabilities to which he may be subject as partner, a member

of a firm has a right to have the partnership property applied in payment of the debts and liabilities of the firm. [Rock Island Imp. Co. v. Corbin, 83 Mo. App. 438, 440.] This right exists not only against his partner, but against all persons claiming through him and therefore against his trustee in bankruptcy. [Lindley, Partnership, p. 389.]

Where, however, the partners have the *possession and control* of their own property, they have the right to make any honest disposition of it they see fit. Each may waive his equitable lien, and one of them may apply the property of the firm, with the consent of the others, to the payment of his individual debts. [George Partnership, p. 277; Rock Island Imp. Co. v. Corbin, supra; Sexton v. Anderson, 95 Mo. 373, 8 S. W. 564.] And our attention has been called to the following at page 391 of Lindley on Partnership: "Further, a partner's lien on partnership property is lost by the conversion of such property into the separate property of another partner. Therefore, if on a dissolution it is agreed between the partners that the property of the firm shall be divided in specie among them, and that the debts shall be paid in some specified manner; and *if the property is accordingly divided,* but the debts remain unpaid, the lien which each partner had on the property before its division is gone." "Upon the same principle, if two partners consign goods for sale, and direct the consignee to carry the proceeds of the sale equally to their separate accounts without any reserve, *and this is done,* neither partner has any lien on the share of the other in those proceeds." (The italics are our own.)

Respondents claim that the decree of dissolution in this case, providing, as it does, that the receiver shall "distribute the proceeds of such sale (of partnership property), after deducting the costs of this proceeding, equally between the parties plaintiff and defendant", works a conversion of the partnership property into the separate properties of each partner, and that therefore

and thereby plaintiff lost his right to have the partnership assets applied to the payment of partnership debts.

With this claim in mind, we have carefully read the text books and cases and we fail to find that a mere unexecuted agreement for conversion destroys the right of the partner and the derivative right of the partnership creditors, or that such a result can be accomplished at all by the partners after the partnership assets have come into the control of a court of equity. On the contrary, in the cases we have examined the conversion was complete before any question was raised about it and was accomplished while the partners were in possession and control of their own property and before it had come into their custody of a court. In fact, it is said that in order "that an agreement may have the effect of converting joint into separate estate, the agreement must be executed and not executory merely"; that, in such event, "the character of the property will not, in fact, have been changed at the time of the bankruptcy, and it must therefore, be distributed as if the agreement had not been entered into." [Lindley, Partnership, pp. 768, 769.] Again, "even if it has been agreed between partners that on a dissolution the continuing partner shall be entitled to the assets of the firm, still so long as these assets continue subject to the right of the other partners to have them applied in discharge of the joint debts, the assets will continue joint for the purpose of distribution in the event of bankruptcy. To convert them into separate estate the agreement between the partners must be inconsistent with the continuance of this lien." "The mere fact that a partnership has been dissolved, or that a partner has retired, will not be sufficient evidence of an agreement for the conversion of the joint estate of the firm into the separate estate of the continuing partner." [Lindley on Partnership, p. 770.]

And where the partnership assets are being administered by a court, the rule of equitable distribution is

applicable to its fullest extent. [George, Partnership, p. 277.] No principle of law is better settled than that, in the administration of a partnership estate, the assets of the firm must be applied to the satisfaction of the firm creditors to the exclusion of the individual creditors of the individual partners. [Hundley v. Farris, 103 Mo. 78, 15 S. W. 312; Bank v. Brenneisen, 97 Mo. 145, 10 S. W. 884; Goddard-Peck Gro. Co. v. McCune, 122 Mo. 426, 431, 25 S. W. 904.]

"The doctrine that firm assets must be first applied to the payment of the firms debts is a principle of administration adopted by the courts when, from any cause, they are called upon to wind up the firm business, and find that the members have made no disposition or charge upon its assets." [Goddard-Peck Gro. Co. v. McCune, 122 Mo. 426, 432, 25 S. W. 904.]

Now in the case at bar there is no pretense that the property was disposed of or charged prior to the institution of the dissolution proceedings. As we have stated, respondents rely upon the language of the decree for the destruction of Hemm's lien. We doubt very much whether such a result could be accomplished by the decree as against creditors not parties thereto; but this we are not called upon to decide. But we are satisfied that the decree will not have such an unjust result unless the intent is clearly apparent upon its face. Here the decree discloses no such intent. It provides that the property shall be divided between the partners, but there is no intent disclosed to relieve the property from the lien. There is nothing inconsistent with the idea that if partnership creditors presented claims before the funds were distributed, they should be paid. It would indeed be singular for the decree to present any other idea, to be drawn with intent to defeat partnership creditors. All of the circumstances surrounding this decree repel such an inference. The prayer of plaintiff's petition for dissolution mentions the pay-

ment of partnership debts as a condition precedent to division of assets between the partners; the stipulation for the decree did not mention division between the partners, and the receiver paid all of the ordinary partner-ship creditors to the extent of over eleven hundred dollars with the apparent acquiescence of the court and the parties. Apparently it did not occur to any of them that the decree made improper the receiver's conduct in paying the honest debts of the partnership. Then, too, the conversion was incomplete in that the fund remained undivided; a common fund in the custody and under the control of the court, and subject to its proper orders. Its character as joint property remained in fact unchanged. We consider it unimportant that the receiver in his report stated the respective shares of the partners in the fund. That did not change the fact that he held the entire fund as a whole.

Our conclusion is that there is nothing in the decree or otherwise to justify the inference that the plaintiff has waived or lost his equitable right to have the partnership assets applied to the payment of partner-ship liabilities. As the trial court proceeded upon a different theory, and it is just and equitable that the fund be retained as long as there is any probability that the Riefling claim may be upheld as a partnership liability, the judgment sustaining the intervening petition of Juede's trustee in bankruptcy will be reversed, and the cause remanded with direction to the circuit court to stay further proceedings upon said petition and to withhold distribution of the fund in the hands of its receiver, until the damage suit of Riefling, being diligently prosecuted, is finally disposed of. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.