**L.G. DeGASE, Respondent,**

v.

**Allen DeGASE, Appellant.**

**No. WD 35780.**

Missouri Court of Appeals,
Western District.

April 30, 1985.

Thomas C. Fincham, North Kansas City, for appellant.

Joseph K. Houts, St. Joseph, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Defendant Allen DeGase appeals from a judgment in favor of plaintiff, L.G. DeGase, his brother and former partner in a lumber supply business. The trial court dissolved the partnership and entered judgment in favor of L.G. DeGase after an accounting. Allen DeGase argues that the

evidence was insufficient to support the judgment. We affirm.

This case has already required three hearings in the lower court, all heard by the court. The issues raised by defendant all involve the sufficiency of the evidence to support the trial court's decree and judgment. Therefore, we set out the following statement of facts in the light most favorable to the judgment, deferring to the trial court for its resolution of conflicts in the evidence. *Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481, 483 (Mo.1980) (en banc).

In 1977, the brothers orally agreed to start a lumber supply business as a partnership under the name of Redman Builders' Supply. The terms of the agreement were as follows: initial partner capital contribution of $2,500, defendant to run the business and draw an annual salary, plaintiff was not to be involved in the management of the business, all the profits of the business were to remain in the business and to be used to build up the inventory. Plaintiff owned an established construction business, and, based on his credit standing, a local bank extended the partnership a line of credit.

The partnership commenced business in accordance with the agreement. Both parties made the required capital contribution; defendant apparently contributed $3,000, and he was paid an annual salary. The plaintiff made the only withdrawal of surplus from the partnership when he did not pay for $8,000 worth of inventory which he withdrew from the business.

In 1979, defendant expanded the business adding a "steel division." He claimed that this was a business entirely separate from the Redman partnership and that he formed it with another brother, Roger De-Gase. The "steel division" supplied materials commonly sold by lumber yards, used the same checkbook, invoices, and sales slips as Redman Supply. The division was located on the Redman premises, and it used the lumber company's equipment. The division was included on the 1979 partnership tax return but was not included in the following years' returns.

Roger DeGase testified that he and the defendant had some type of arrangement, but he neither contributed any money to the enterprise nor participated in any way in its management. Plaintiff testified that he did not want to have anything to do with Roger.

Problems arose between the partners, and plaintiff alleged that the defendant refused to supply him with any information about the business for over three years. In February of 1982, plaintiff filed a petition for dissolution of the partnership and for an accounting and liquidation. The plaintiff alleged that the business was a partnership and that the "steel division" was a part of that partnership. After a hearing, the court decreed that the steel division was a part of the partnership, that the partnership be dissolved, and that a full accounting be made. Defendant was further ordered to turn over the records of the business to the accountants appointed to conduct the accounting.

Defendant did not produce the records, and the court entered a second order directing defendant to do so. The court also appointed a receiver to take charge of the assets, sell them, and distribute the proceeds. The receiver found only four to six thousand dollars worth of inventory in the business. The defendant valued the business equipment at $8,000.

Defendant once again failed to turn over a complete set of records, and those he did produce were unorganized and thrown together in one box. Defendant also interfered with the sale of the assets of the company, causing its cancellation.

Plaintiff next filed a petition requesting that defendant be held in contempt for his interference with the sale and his continuing refusal to produce all the company's records. After another hearing, the court found the defendant in contempt, but deferred his jail sentence for ten days so that defendant could produce the long sought records. Defendant produced two large boxes into which he had dumped invoices,

bills, sales tickets, and cancelled checks. He also provided the company's tax returns. The records were still not complete, but the accounting firm conducted an accounting based on what had been provided. The accounting was done by trying to prove the partnership's tax returns through its bank transactions, taking bank deposits and attempting to reconcile them with all the monies shown coming into the business. The same method was used in calculating disbursements. The steel division was treated as being a part of the partnership.

After the accounting was completed, plaintiff filed a motion for a judgment on the accounting, and defendant filed a motion for judgment for the unpaid materials plaintiff had withdrawn from the business. At the hearing on the motion, the principal witness was the accountant, Truman Hardy. He testified that the partnership's income had been understated and its purchases overstated on its tax returns. He also found that profits from the steel division were not included in the returns after 1979. Mr. Hardy concluded that each partners' capital account should show a surplus of twenty-five to thirty thousand dollars. Defendant claimed that he was entitled to a larger capital contribution return because of loans made by the steel division, but Mr. Hardy treated these as merely intra-partnership fund transfers.

Plaintiff also presented the testimony of several witnesses who stated that they had seen the defendant moving large amounts of the inventory from the premises of the business after the plaintiff filed this case. That property was returned after the receiver's inventory of the company. At some time before plaintiff filed the petition for dissolution, the inventory filled two large buildings. Plaintiff, based on a visual examination, estimated the inventory's value at $100,000. Another witness knowledgeable in the construction business valued the inventory at $75,000 based upon his visual examination. Defendant himself valued the equipment at eight thousand dollars. Plaintiff conceded that he had not

paid for $8,000 dollars in material he had taken from the company.

The court entered judgment in favor of plaintiff for thirty thousand dollars, splitting the accounting costs between the parties, and denied the defendant's counterclaim. Defendant's after-trial motions were also denied.

Defendant raises two points on appeal: first, that the court's decision that the steel division was a part of the partnership was not supported by sufficient evidence; and, second, that the judgment was also not supported by sufficient evidence. Plaintiff argues that the court's 1982 dissolution decree was a final, appealable judgment, and, therefore, this court does not have jurisdiction to consider the trial court's holding concerning the steel division.

█ This case was heard by the court in a series of three hearings. The points raised by the defendant involve the sufficiency of the evidence supporting the court's decree and judgment. We must affirm the judgment of the lower court unless no substantial evidence supports it or it was against the weight of the evidence. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d *supra*, at 483. We can only set aside the judgment where we firmly believe it to be wrong. *Id.*

█ We first consider the jurisdictional question plaintiff has raised. He asserts that the court's dissolution decree was a final and appealable judgment from which no timely appeal was taken, thus we do not have jurisdiction to consider the merits of the lower court's holding concerning the steel division.

Plaintiff principally relies upon *Hemm v. Juede*, 153 Mo.App. 259, 133 S.W. 620 (1910), where the court held that the dissolution decree in the case was a final judgment. The *Hemm* case is distinguishable from our case and not controlling. In that case, the lower court appointed a receiver to take control of the assets, liquidate them and distribute the proceeds; an accounting was not ordered. The court of appeals held that the decree left nothing to do but to

execute it and administer the estate. *Id.* at 622.

In the case at hand, however, the trial court ordered an accounting. The Supreme Court in *Anderson v. Metcalf,* 300 S.W.2d 377, 378–79 (Mo.1957), in an action for an accounting, held that a judgment ordering an accounting was not final and appealable because the results of the accounting still had to be approved by the court and a judgment entered thereon. In this case, as in *Anderson,* after the decree was entered, the accounting remained to be conducted and approved and judgment still had to be entered thereon. This process required two more hearings, a contempt conviction and several months. The order for the accounting certainly left more to do than merely to execute the judgment. (*See David v. Goodman,* 89 Cal.App.2d 162, 200 P.2d 568 (1948) where the court held that a decree dissolving a partnership was not a final, appealable judgment.)

■ Defendant's points concern the sufficiency of the evidence, or lack thereof, supporting the trial court's decree and judgment. First, defendant contends that no substantial evidence supports the court's determination that the steel division was part of the partnership and that its holding was against the weight of the evidence. We disagree.

The evidence supporting the judgment was that the same equipment, sales slips, and invoices were used in both operations. The "steel division" was run from the same premises as the partners' lumber supply business, and the "steel division" supplied materials usually supplied by a lumber yard. The steel division was included in the 1979 partnership tax return but was omitted from the following years' returns.

The only evidence that conceivably supports defendant's theory was the testimony of Roger DeGase. He testified that he had some arrangement with the defendant of an unspecified nature, but he invested neither money nor energy in the enterprise. Certainly, this testimony does not support the conclusion that the court's findings are against the weight of the evidence. *Tren-*

*ton Trust Co. v. Western Surety Co.,* 599 S.W.2d *supra,* at 483.

■ Defendant's second point is that no substantial evidence was adduced to support the court's judgment for $30,000 in favor of plaintiff. Once again we find no merit in the defendant's argument. The accountant concluded that the parties' capital accounts should have in them $25,000 to $30,000 based on his calculation of the profits made by the business. The defendant did nothing to assist the accountant; if anything, he obstructed the audit. Any error in the accountant's determination must be charged to the defendant because of his obstructionist behavior. Moreover, defendant produced no evidence contradicting the accountant's calculations.

Taking into consideration all of the evidence, we conclude that substantial evidence existed to sustain the court's determination that a net of thirty thousand dollar surplus remained due to plaintiff. § 358.180(7).

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.